DaNibu, Judge.-
 

 The defendants in this action contend that a new trial should be granted, on all, or some one, of the several grounds taken by them. First, that the court erred in its opinion, when it declared the bond, upon which the action was founded, was valid in law, it being show'll that
 
 John Garner,
 
 one of the obligors, was, at the time of the execution of the bond, a Justice of the-Peace for the county of Person
 
 ;
 
 and therefore, from the wording of the instrument, was to be considered an ob-ligee of the said bond, which in law would make the instrument a nullity. The bond is given to
 
 “Robert Van-hook,
 
 Chairman, and
 
 other Justices
 
 of the County Court of Person, to be paid to the said Chairman or his successors in Office, or
 
 other
 
 Justices of the county of Person.” This case is not like that of
 
 the Justices of Pasquotank
 
 v.
 
 Shannonhouse,
 
 (2
 
 Dev.
 
 6,) and other similar cases, which have been decided in this court, under the authority of that decision. In that case, the obligation
 
 *270
 
 was given to
 
 “ John
 
 Muller,
 
 Ambrose Knox,
 
 and the
 
 rest
 
 of the Justices assigned to keep the Peace,” &c. The two obligees that were named, and the
 
 rest
 
 of the Justices assigned to keep the Peace for the county of Pasquo-tank, necessarily included
 
 all
 
 the Justices of that county
 
 ;
 
 and, as
 
 Shannonhouse
 
 and
 
 Wilson
 
 were two of the Justices of that county, at the time the bond was executed, the court declared the bond to be nugatory and of no effect. In the present case, the bond is given to
 
 Robert
 
 Vanhonh, Chairman, and other Justices of the County. Court of Person. It may be asked what
 
 other Justi-tices ?
 
 Do these words mean a part or the whole of the Justices ? If a part only, then it may be asked, what part, and who are they ? The clause in the bond, containing the
 
 words
 
 — “ and oilier Justices of the County Court of Person” — is, in my opinion, uncertain, senseless and unmeaning, and must be rejected by the court, in putting a construction upon this instrument. That part which is certain, shall not be vitiated by that which is uncertain and unmeaning. We, therefore, agree with the Judge who tried the cause, that the instrument is a good bond at common law. The bond having been executed after the Act of Assembly, passed in the year 1825, went into operation, directing that the bonds of Administrators should he made payable to the Governor and his successors in office, prevents this instrument being considered an official bond.
 

 Abend not ox-eeatsil pursuant to lire provisions of tire act of 1825, though, not good as an official, operates as acommon law Rond.
 

 Delivery
 
 is a question of fact forthedccision of the jury, and the circumstances from which it is to he inferred, must he submitted to them. It is error in the court to say what circumstances constitute a delivery.
 

 'Dhreadgill
 
 v.
 
 Jennings,
 
 3
 
 Dev
 
 384 cited and approved.
 

 Secondly, the Deputy Clerk of the County Court gave in evidence, that he usually transacted the business pertaining to the office — that the instrument aforesaid was filled up in his handwriting, and that the signatures of the names subscribed were in the proper handwriting of the persons designated
 
 ;
 
 and that he had found the instrument among the records of
 
 the
 
 court, on file with the bonds of Administration and others. The court charged the jury, that the facts above stated, if true and unexplained, would in law, constitute a delivery of the bond. The defendant excepts to this part of the charge of the court, and I think, the Judge expressed himself rather inaccurately. The bond, was not an official, but a com-
 
 *271
 
 Bion law bond, and it being filled up in the handwriting of the Deputy Clerk and found among the records of the court, is not in law a delivery of the bond, though it is such strong evidence of it, as might naturally induce the Judge to say it proved it. It should have been left to-the jury to say if from the evidence, they could, or could not infer, that the obligors had placed the instrument in. the hands of the Clerk or any other person, for the purpose and with the intention, that it should operate as. an Administration bond. If the jury could so infer, and is hardly possible they should not, then, the bond having been delivered to a third person for the obligee, although that third person might be a stranger, it nevertheless, became the legal obligation of those who executed the same, from the date of the delivery to the third person ; and it could not be avoided by the obligors, if the obli-gee afterwards accepted it as a bond.
 
 (Threadgill
 
 v.
 
 Jennings,
 
 3 Dev. 384).
 

 The record of * judgment against an administrator, is not
 
 prima fa-cie
 
 evidence of assets inthéhands of the administrator, in a suit brought
 
 by
 
 the plaintiff in the o-riginai suit, on the administration bond against the administrator andáis sureties.
 

 JHcKeUar
 
 v.
 
 Howell, (Hawks 4th vol,
 
 34,) cited and approved*.
 

 The third ground taken by the defendant, for a new trial, is, because the Judge stated to the jury, that tlie record of the judgment confessed to the Bank by
 
 Garner,
 
 the Administrator, ivas
 
 prima facie
 
 evidence, not only of. the amount of the debt, but also of the fact, that he had assets to pay the samo. I think the court erred in this part of the charge to the jury- It has been determined by this court, in the case of
 
 McKellar v. Bowell,
 
 (4
 
 Hawks
 
 34,) that the record of a recovery against a guardian, is not evidence against his securities, in an action brought by the plaintiff in that recovery against the securities to subject them upon the guardian bond for the default of their principal. The same argument and reasons now urged by the plaintiff ’s counsel, to prove that the judgment against the principal, is
 
 prima facie
 
 evidence against the security in another action, were either urged by the counsel, or noticed by the court, in the case of
 
 McKellar
 
 v.
 
 Bowell.
 
 Chief-Justice Tatxor, in his elaborate opinion delivered in that case, has explained and answered, the whole of them. After this question has undergone so solemn a determination in this court, I do not feel myself at liberty to say, it is not the law of the land,
 

 
 *272
 
 The name of omitSn theboS dy of the bond is n° objection to its validity,
 

 The fourth reason offered for a new trial, is at the instance of the defendant,
 
 Barnett.
 
 His name is not mentioned in the body of the bond, nor does it begin with the words, “we are held and firmly bound to R. V. &c.”
 
 ;
 
 but it begins thus — “ Know all men by these presents,
 
 ^in Earner, Carey Williams
 
 and
 
 Richard H. Burton
 
 are held and
 
 firmly bound unto R.
 
 V. &c.” At the bot-¿om 0f tjic paper, tliere are the signatures and seals of it7 ° „
 
 Gamier, Williams, Burton
 
 and
 
 Barnett.
 
 In the body oí the printed form of the bond, there had been a blank left for the insertion of the names of the obligors ; the name of
 
 Barnett
 
 had been omitted in filling up the blank. In
 
 Smith
 
 v.
 
 Crooker,
 
 (5 Mass.
 
 Rep.
 
 539,) a bond had been executed by a surety before his name was inserted in the. body of the bond, his name being afterwards inserted when he was not present. The bond was held good against him. The court said they were satisfied it was sufficient evidence, that he consented that the blank might, afterwards be filled by inserting his name. The court further said in this case, it is very clear that this security would be holden as an obligor, on his executing the bond, if the blank had been filled up with his name. I think that
 
 Barnett
 
 became bound in the bond to
 
 Vanhook,
 
 by signing and sealing the instrument, if it was after-wards delivered, I think nevertheless, that there should be a new trial for the reasons stated in the second and third grounds taken by the defendants.
 

 Per Curiam. — Judgment reversed, and a new TRIAD GRANTED.