Daniel, J.
 

 This was an action of debt. Plea
 
 non est factum.
 
 The writing declared upon was prepared by the deputy of the plaintiff, and by him delivered to the principal (Roberts,) to be executed as a bond by himself and his sureties. The next thing we hear of the bond, it is in the hands of the obligee, signed and sealed by the defendants. It appears, that, after the writing had been prepared fcr execution by the deputy, one James Martin had inserted his name in the body of the instrument as one of the obligors, but he had omitted to seal the same. The defence at the trial was, that the writing was sealed by the defendants and delivered to Roberts as an escrow: and that it was not intended to be delivered to the plaintiff as their deed, unless James Martin also executed it. The only circumstance relied upon, by the defendants to shew it an escrow, was the fact, that Martin had written his name in the body of the instrument as one of the obligors. A bond cannot be delivered to the obligee as an escrow, for such a delivery would make it absolute at law; but it may be delivered by the sureties to the principal obligor as an escrow.
 
 Pawling
 
 v
 
 the United States,
 
 4 Cranch, 219. I Touchst. 58, 59. When a bond like this has no subscribing witness, then the proof of the possession by the obligee, and also the hand-writing of the obligors, is a sufficient ground for presuming that the bond was, as it purports to be, sealed and delivered by the
 

 
 *342
 
 obligors.
 
 Philips on Ev.
 
 364.
 
 Grellier v Neale,
 
 Peak’s
 
 cases, 145Lurrows
 
 v
 
 Lock,
 
 10 Tes. 474. The court instructed the jury “ that if they should find the fact tó be, that when the defendants signed and sealed the bond, they were induced to do so, because the name of James Martin was written in the body of the bond, and they signed and sealed the same, upon the understanding that he was also to sign and be fully bound with them, then a delivery of the said writing to Roberts or any other person for the plaintiff, without their consent, was not such a delivery of the bond as in law would bind them.” There was no evidence in the case that the defendants would or would not have sealed, if Martin’s name had not been in the writing. They all did seal, without either of them making a declaration that it was done upon the condition that Martin should seal. In delivering a writing as an escrow, two cautions are to be heeded: First, that the form of words used, in the delivery of a deed in this manner, be apt .and proper; Secondly, that the deed be delivered to some other person, and not to the party himself to whom it is .made. 1 Shep. Touchst. 58,
 
 (marginal page,
 
 Prest.Ed.) In the case before cited.fromd Cranch, one of the surety obligors, at the time of executing the bond, said, In the presence of some of the other obligors, “ we acknowl edge this instrument, but others are to sign it,” this was admitted to be evidence, from which the jury might infer a delivery as an escrow by all the obligors, who were then present. in-the .case now before us, the plaintiff proved that, which in law amounted to a presumption of an obsolute sealing and delivery by the defendants. The burthen of proof was then thrown on the defendants, to shew that the sealed writing had been delivered to Roberts or some other person as an escrow. Six persons have signed and sealed the instrument as sureties, and there is no evidence of any declaration by them or either of them to Roberts or any other person, that they executed it on condition that Martin should be jointly bound with them. In
 
 Fitts v Green,
 
 3 Dev. Rep. 291, the court had made an order that the guardian renew his bond, with Solomon Green and John C.. Johnson as his securities. Green sealed and left the writing
 
 *343
 
 with the clerk, and Johnston did not execute the bond. It was
 
 held,
 
 that Green had delivered the bond only as an escrow, that he had declared through the mouth of the court, that the bond was not to be accepted, until Johnston had ex-ecnted it. If the court in this case had made an order, that Roberts should execute the bond to the master, with the defendants and Martin as his sureties, then it would have been presumed that the sealing and the delivery of it by the defendants to Roberts were only as an escrow. But in this case there is no order of court designating the sureties, and there was no declaration made by the sureties, or either of them, in the presence of the others, or in any other manner, that Martin should sign and seal. The name of Martin being inserted in the body of the writing before the defendants executed it,
 
 per se,
 
 is no evidénce that the defendants did execute it, on condition that he, Martin, should also execute it.
 

 We must therefore say that there was
 
 no
 
 evidence in the case, upon which the court could properly leave the jury at liberty to say, that the bond was delivered as an.escrow.
 

 Per Cxjrxam, New trial awarded,