Gaston, J.
 

 The defendani in this case can be held responsible only to the extent of his engagement, and this cannot be construed to bind him further than that the obligors in the bond, which he guaranteed, should tnakejjpayment ac-, cording to its terms. These terms are explicit. The obli-gors are to pay “ at the expiration of two years from the date, on receiving from the obligee a title to the land.” The recital in the condition may properly be considered for the purpose of elucidating the meaning of the terms, where they are at all ambiguous; but there is nothing ambiguous in them. The payment of the price of the land is to be made upon receiving the title for the land, so that the receipt of title and payment of the purchase money are to be com
 
 *300
 
 current acts. Nor is there any thing in the recital, incon-s*stent with this construction. The recital indeed declares that the title is not to pass until the payment of the purchase money. — it shall not
 
 precede
 
 the payment — but it does not thence
 
 follow
 
 that it may not
 
 accompany
 
 the payment of the purchase money.
 

 It is tobe regretted that the bond was taken in this form. In judicial sales, the securities taken for the purchase money should be peremptory for the payment of the money at the appointed day. The purchaser is to rely on the court for obtaining his title, who will take care that justice is done him.
 

 Upon this ground — that a tender of a deed was not shown. — we feel ourselves bound to affirm the judgment below. The acceptance of the bond was a sufficient consideration lor the defendant’s guaranty, and that consideration, if it did not appear on the face of the guaranty, might be provr ed by parol.
 
 Miller v Irvine,
 
 1 Dev. & Bat. 403. It was not necessary to prove a demand upon the obligors for the payment oí the money. The most that could be required was, to shew that the defendant had notice of a default on their part to make payment, as stipulated, before suit brought against him.
 

 Per Curiam, Judgment affirmed.