We concur with his Honor in the court below, and for the reasons he assigns. Proof of the handwriting of the defendants, together with possession by the plaintiff, was evidence from which a jury might presume a delivery by the defendants in the absence of any proof to the contrary. Vanhook v. Barnett, 15 N.C. 268; Blume (386)v. Bowman, 24 N.C. 338. The latter case sustains the opinion of his Honor, that the circumstance of the three seals affixed, without any names before them, was not sufficient to rebut that presumption or to show that the defendants did not intend that the covenant should not be delivered until other persons signed it. In that case not only were there three vacant seals, but the name of another obligor in the bond who did not sign it. The second objection is founded upon the idea that the covenant was a guaranty, on the part of the defendants, of the repayment of the money borrowed by the Messrs. Alexander. Such may have been the intention of the parties, but such certainly is not the effect of the deed. It is, on their part, an obligation to pay to the plaintiff the money mentioned in it if on 30 February, 1844, the Messrs. Alexander did not pay it. This condition is inserted for their benefit, and is to be proved affirmatively by them. To enable the plaintiff to recover in this action, it was not necessary for him to have made a demand on the Messrs. Alexander or to prove that they had not paid. The obligation of the defendants to pay became complete upon the expiration of the time within which they, the Alexanders, were to make payment, and their failure to do it. Gardner v.King, 24 N.C. 300. The introduction of the bond given by the Messrs. Alexander was entirely harmless and of no effect. If it was intended by the plaintiff as evidence to prove the sum borrowed, the recital in the covenant was sufficient, and the bond was, therefor, irrelevant. If any error was committed by suffering its introduction, it was entirely redeemed by the instructions given *Page 270 
to the jury as to their measure of damages, if they found for the plaintiff. We concur with his Honor on all points ruled by him.
PER CURIAM. No error.
Cited: Devereux v. McMahon, 108 N.C. 146; Whitman v. Shingleton,ibid., 194; Herndon v. Ins. Co., 110 N.C. 284.
(387)