# John H. Ing and John J. Mills, Adm'r of William P. Mills, *vs.* The State, use of Martin Lewis and Charles McCoy.

Where a case is referred under the act of 1778, ch. 21, and an award made by the referee, no reasons are good on *caveat* to such an award except those specified in the 9th section of that act, or those apparent on the face of the award.

In case of bonds given to the State the uniform practice in this State has been to institute the suit in the name of the State, and to endorse on the

writ and declaration the names of the parties for whose use and benefit it is prosecuted.

In such cases, though the judgment is always entered up for the amount of the damages laid in the declaration, yet it is accompanied by a release, (which constitutes a part of it,) on payment of the sum awarded by the jury, court or referee, as the case may be.

The party for whose use the suit on such a bond is instituted is in fact regarded as the *real* plaintiff, though the State, technically speaking, is so.

It is incumbent on the party suing on such a bond to show that he has an interest in it before he can recover in a regular trial prosecuted to verdict.

Where a cause is referred under the act of Assembly, all matters are within the submission which could be introduced by *amendment* of the pleadings, and the reference *waives* the necessity for averring such matters in the declaration or other pleadings.

The referee has nothing to do with the particular issue joined in court, nor is it of any importance whether any issue be joined previous to the reference; the reference is a reference of the *whole case* to be tried on *its merits*.

APPEAL from the Superior Court of Baltimore city.

*Debt,* in the name of the State, for the use of the appellees against the appellants upon an appeal bond. The condition of the bond and the pleadings in the case are fully stated in the opinion of this court. While the cause was under rule rejoinder to the replication assigning breaches, the record states that upon motion, and in pursuance of the act of Assembly in such case made and provided, and by consent of parties, " the whole matter in variance between the said parties was referred to William A. Talbott," who made the award, which is also fully stated in the opinion of this court. To this award the defendants filed various exceptions, of which the following only were relied upon in argument in this court:

1st. That the award does not set forth what was the nature of the decree mentioned in the condition of the appeal bond, nor adjudge and show the *damages* in nature and extent sustained by reason of a breach of that condition, and does not state the amount payable in discharge of the penalty of the bond is for such damages.

2nd. That if *any* amount could be awarded in the case against the defendants, there could, *at the utmost,* be but *the amount stated in the replication* as the amount of damages and costs ($37.71) adjudged by the Court of Appeals, which

amount should be the sum to be stated in the award, as that on payment of which the judgment for the penalty of the bond should be released.

3rd. That it does not appear by the award, nor by any of the pleadings in the cause, that Lewis and McCoy, for whose use the bond is sued, had any interest whatever in the decree appealed from, or had suffered, or *could have suffered,* any damage by the appeal, or *how* they were *damaged* in the premises or how *connected* with the decree, but the *contrary appearing,* inasmuch as the *only parties* named in the condition as interested therein *are others than said Lewis and McCoy.*

4th. That there is no sufficient replication whereon any award could be made or any judgment of the court be rendered.

All these exceptions the court below, (FRICK, J.,) overruled, and gave judgment in conformity with the award, from which the defendants appealed.

The cause was argued before LE GRAND, C. J., ECCLESTON and MASON, J.

*Thos. W. Hall, Jr.,* and *Chas. F. Mayer* for the appellants, argued:

1st. That this suit is to be treated as if brought directly in the name of Lewis and McCoy, and they must *show themselves* interested in the bond and damaged by the appeal, and that the averments of the pleadings must thus connect them with the bond to authorise any award in their favor, which has not been done in this case. *Act of* 1835, *ch.* 380, *sec.* 7. 1 *G. & J.,* 231, *Kiersted vs. The State.* 2 *H. & G.,* 71, *Wood vs. Fulton, et al. Ibid.,* 277, *Laidler vs. The State.* 6 *H. & J.,* 336, *Beall vs. Lynn. Ibid.,* 95, *Hewitt vs. The State.* 1 *H. & J.,* 361, *Goldsmith vs. Tilly.* 8 *G. & J.,* 359, *Boteler, et al., vs. The State.* Only the parties to the suit recited in the condition of the bond as that on which the appeal was taken are entitled to the benefit of the bond, and Lewis and McCoy are not there recognised as parties.

2nd. At least the award should have introduced Lewis and
37      v.8

McCoy as beneficially entitled under the bond, and should have shown how they became interested in it and to what extent damaged by the appeal. But the award gives the recovery for damage to *the State,* if *the party damaged* can be interpreted to have been *at all* provided for by the award, and if the award can be considered in effect as determining *any thing* more than that the obligors became indebted to the State by the bond, and that the indebtment being *debitum in presenti,* judgment *for the debt* must pass for the State. Certainly no more is affirmed by the declaration, and the award by its terms used responds to merely the declaration and grants only what the *declaration* claims. It is unquestionable, however, that *the State* cannot, under the condition of the bond, be the *damaged party,* and it is only *with the damage and the sufferers* that the suit or the award had to deal. 3 *H. & McH.*, 357, *Whetcroft vs. Dorsey.*

3rd. The replication for the ground-work of a breach recites a *different case,* as affirmed by the Court of Appeals, from that to which the condition of the bond limits itself, while it still omits any reference to the present plaintiffs, Lewis and McCoy, as the actually interested parties. Without a due replication there was no basis for an award, and in such suits as this the replication is an expansion of the declaration, or effectively a new declaration. *If there be pleadings* they must be resorted to for describing the claim. 5 *H. & J.,* 61, *Morgan vs. Blackiston.* 6 *Do.,* 10, *Cromwell vs. Owings.* 2 *H. & G.,* 82, *Birckhead vs. Saunders.* 6 *H. & J.,* 138, *Karthaus vs. Owings.* 5 *G. & J.,* 65, *Mackall vs. Jones.* 11 *Do.,* 160, *State vs. Gaither.* 3 *Do.,* 377, 388, *Turner vs. Walker.* 11 *Do.,* 470, *Newcomer, et al., vs. Kline* 8 *Gill,* 74, *Merrick vs. The Trustees of the Bank of Metropolis.*

4th. If the replication be deemed of any avail to warrant an award for Lewis and McCoy, (as which this award seeks to operate,) no larger damages than the $37.71, specified in the replication as the *damages and costs,* could, at the utmost, have been legally awarded by the referee. 6 *H. & J.,* 134, *Karthaus vs. Owings.* 7 *Do.,* 339, *Laurenson vs. The State.* But it is said this award is a *verdict,* and as such cures the

defect in the pleadings. But the rule is that a verdict cures a title *defectively stated,* but not a defective *title,* (2 *Tidd,* 950; 1 *Pet.,* 67, *Minor vs. The Mechanics Bank,*) and no recovery whatsoever, as has already been urged, was under any circumstances practicable under the peculiar condition of the bond, which precludes liability where indemnification has not been made. 11 *G. & J.,* 457, *Newcomer, et al., vs. Kline. Hurlstone on Bonds,* 9 *Law Lib.,* 108.

*F. K. Howard* and *S. T. Wallis* for the appellees, argued, that the court properly refused to set aside the award:

1st. Because there was no allegation or proof of any such fact as invalidated the award, nor was there any error in law apparent on the face thereof. The act of 1798, ch. 21, sec. 8, specifies the reasons for which an award made upon a reference by order of court under that act, and no reasons can be relied on except such as are there specified, and errors apparent upon the face of the award. 3 *H. & McH.,* 121, *Dorsey vs. Jeoffray.* See also upon this point 10 *G. & J.,* 192, *Caton vs. McTavish.* 1 *H. & J.,* 364, *Goldsmith vs. Tilley.* 6 *Do.,* 10, *Cromwell vs. Owings. Ibid.,* 95, *Hewitt vs. The State. Ibid.,* 403, *Rigden vs. Martin.* 5 *Md. Rep.,* 361, *Ebert vs. Ebert. Act of* 1826, *ch.* 200, *sec.* 17. The form of the award is that prescribed in the books of forms, are in the case of *Fisher vs. The State,* 1 *H. & J.,* 416.

2nd. Because there was no such defect in the pleadings as prevented the court from rendering a valid judgment thereon. Judgment might have been properly entered against the defendants by default prior to the reference, they never having rejoined to the replication. After the reference and award it is too late to object to errors of pleading, and judgment was properly entered on the award, as it might have been had a *verdict* been rendered instead of an award, or a default actually entered prior to the reference. For these positions see 1 *Chitty's Pl.,* 673. 3 *H. & McH.,* 388, *Dorsey vs. The State.* 3 *H. & J.,* 115, *Tyson vs. Rickard.* 1 *H. & G.,* 6, *Vandersmith vs. Washmein.* 11 *G. & J.,* 487, *Ragan vs. Gaither.* 8 *Gill,* 75, *Merrick vs. Bank of Metropolis.* 4 *Md. Rep.,*

521, *Price & Martin, vs. Thomas & George.* 10 *Mass.,* 263, *Forseth vs. Shaw.* 4 *Pick.,* 454, *Coffin vs. Cottle.* 9 *Gill,* 281, *Clammer vs. The State.* 2 *G. & J.,* 441, *Karthaus vs. Owings.* 5 *Gill,* 280, *Frantz vs. Smith.* 7 *Md. Rep.,* 195, *Burgess vs. Lloyd.* 1 *Cushing,* 457, *Merrill vs. Gold.* 16 *Maine,* 219, *Adams vs. Hill.* 2 *Aiken,* 325, *Batchelder vs. Hanson.* 10 *Verm.,* 216, *Eddy vs. Sprague.* 2 *Green. N. J. Rep.,* 334, *Hazen vs. Addis.* 5 *Munf.,* 14, *Ligon vs. Ford.* 15 *Penn. State Rep.,* 22, *Ward vs. Stevenson.* 1 *Pet.,* 67, *Minor vs. Mechanics Bank.* A submission to arbitration is a waiver of all errors in pleading. 2 *H. & G.,* 281, *Laidler vs. The State.*

LE GRAND, C. J., delivered the opinion of this court.

This was an action on a bond, instituted in December 1852, in the name of the State of Maryland, for the use of Lewis and McCoy, against Ing and William P. Mills, on an appeal bond, dated April 8th, 1852, a certified copy of which was filed with the declaration. The bond was given in a certain cause depending in Baltimore county court, sitting in equity, wherein William D. Miller was complainant, and John Colfer, Samuel Ortlip and Jacob Dorsey were defendants, and was conditioned thus: "if the said John H. Ing shall hold all parties to the proceeding (the said cause in equity) harmless from all loss sustained by said appeal in case the same be not prosecuted with effect, or if the decree should be affirmed, then the said bond to be and remain in full force and virtue, otherwise of no effect."

There are no breaches set out in the declaration. It was replied to by the plea of general performance. The replication sets out, as the only breach of the condition, that before the institution of this suit, it was on the decree and the appeal "in the said writing obligatory mentioned, in such manner proceeded between the said John H. Ing and the said parties to the said cause in equity, in the Court of Appeals for the western shore of Maryland, held at Annapolis, the 12th of June 1852, by the said Court of Appeals, that the said decree of said county court was in all things affirmed and ratified,

and it was considered and adjudged by the said Court of Appeals, that the said appellees to the said suit should recover against the said John H. Ing the sum of thirty-seven dollars and seventy-one cents, for costs and damages in that behalf laid out and expended, by pretence of prosecuting the said writ of appeal and upon the premises, as by the record thereof in said Court of Appeals remaining, more fully appears; and the said plaintiff avers that the said John H. Ing did not prosecute the said writ of appeal with effect, and that the said decree was affirmed, and that the said John H. Ing did not hold all the parties to the proceeding harmless from all loss sustained by the said appeal, and that the said John H. Ing hath not paid the damages and costs awarded by the Court of Appeals aforesaid."

While the case was under rule rejoinder, it was, "according to the act of Assembly," referred by order of court to William A. Talbot, Esq., who, upon the 26th of October 1854, returned into court his award, which is as follows, (omitting the titling of the cause:) "I, William A. Talbott, appointed referee by the Superior Court of Baltimore city in this case, having given due notice to the parties of the time and place of hearing their respective allegations and proofs, and having heard and duly considered their said allegations and proofs, do award and determine that the said defendants are indebted to the said plaintiff in manner and form as the said plaintiff hath declared against them. And I do further award and determine, that the judgment for the plaintiff be entered in the said cause for the debt and damages in the declaration and costs, to be released on payment of the sum of nine hundred and seventeen dollars, and thirty-two cents, with interest from this date, and costs."

To this award several exceptions were filed on behalf of the appellants, which were overruled by the court. Most of these exceptions were abandoned in this court and others relied upon in argument.

The form of the award of the referee is in strict conformity with that given in the 1*st Vol. of Evans' Harris,* 20. The reference was under the act of 1778, chapter 21, the 8th section of which authorizes the court to enter up judgments

upon awards; and the 9th section of the same act declares: "That such award shall remain seven days in the General Court during their sitting, if returned to the General Court, or four days in the respective county courts during their sitting, if returned to any county court, after the return thereof, before any such judgment shall be entered up; and if it shall appear to the justices of the court to which any such award shall be returned, within the respective times aforesaid, that the same was obtained by *fraud* or *malpractice* in, or by *surprise, imposition,* or *deception* of, the arbitrators, or *without due notice* to the parties, or their attorney or attorneys, it shall and may be lawful for the said court to set aside such award and refuse to give judgment thereon."

In the case of *Dorsey vs. Jeoffray,* 3 *H. & McH.,* 121, it was determined by the Court of Appeals, that no reason was good on *caveat* but those mentioned in the act of Assembly, or which were apparent on the face of the award.

In the case now before us it is not pretended the award is assailable on any of the grounds enumerated in the act of Assembly; and, therefore, if it be invalid, it must be so because of something apparent on its face. If the award *alone* be examined then there is, clearly, nothing irregular or defective in it. This we did not understand the counsel for the appellants to question. The point of their argument was, that the award should be taken in connection with the pleadings in the cause, and that if it were so regarded it would appear:

1st. That the persons for whose use the judgment was entered had no interest; and—

2nd. That in any event there could be no award or judgment beyond the amount of costs mentioned in the replication to the plea of the appellants.

In reply to the first objection it is but necessary to observe, that for a great length of time it has been the uniform practice in this State, in cases like and similar to the present, to institute the suit in the name of the State, causing the names of the parties for whose benefit it is prosecuted to be endorsed on the writ and declaration. Although the judgment is always entered up for the amount of damages laid in the declaration,

yet it is accompanied by a statement, which, in fact, constitutes a part of it, that it is to be released on the payment of the sum awarded by the jury, court or referee, as the case may be.

Such a practice enables the party, for whose use the suit is instituted, by a proper assignment of breaches of the bond and proof, to recover the amount of damage he has sustained by the breach. He is, in fact, regarded as the real plaintiff, although the State, technically speaking, is so. The 7th section of the act of 1835, chapter 380, provides, that when any county court, as a court of equity, shall require bond, with or without security, to be given in any case, and the parties concerned therein shall be numerous, or it shall for other reasons appear proper to the court to take bond in such form, such bond may be taken in the name of the State as obligee, and be sued by any person interested as public bonds may; and even prior to the passage of the act of 1835, the Court of Appeals held, in 1 *Gill & Johnson*, 231, that the uniform practice for twenty years allowed persons interested to bring suits on bonds taken in the name of the State, although the acts of Assembly, under which they are required to be executed, contain no specific provision for making them to the State, or give to the party, in language, the right to sue. These references are sufficient to show the suit was properly brought. There is no doubt that it is incumbent on the party suing on the bond to show he has an interest in it before he could recover in a regular trial prosecuted to verdict.

Whether, in the present aspect of the case, it is important the interest of the *cestui que use* should have been distinctly set out in the replication, and whether, if not, the referee was limited by the submission to the amount of costs mentioned in the replication, are questions to be disposed of on the authority of adjudged cases.

There is no doubt a verdict will cure many defects in the pleading, and so will an award under rule of court. *Vandersmith vs. Washmein*, 1 *H. & G.*, 6. *Dorsey vs. State, use of Ann Dorsey*, 3 *Harris & McHenry*, 388. In this last case the record showed that the writ issued in debt; that the cause

was referred and an award returned by the arbitrators; upon which award judgment was entered for the sum awarded. *It did not appear that any declaration was filed in the case.* On writ of error the General Court affirmed the judgment of the county court. In *Merrick vs. The Trustees of the Bank of Metropolis,* 8 *Gill,* 75, the court, adopting the language of authorities, say, "cured by verdict means, that the court will, after verdict, presume or intend that the particular thing required to sustain it was proved at the trial;" again, "after verdict, a defective allegation in the declaration cannot be taken advantage of, though it might furnish good cause of demurrer." In the case of *Merrill vs. Gold,* 1 *Cushing,* 460, Shaw, C. J., says, "the court are inclined to the opinion, according to the argument of the plaintiff, that, by the reference of a cause by a rule of court, in the usual form, all technical exceptions to the form of the declaration, and the strict rules of proceeding, are *waived* by the mutual consent of the parties on which the rule is founded, and by which the case or cause of action is referred and embraced in the submission." The Judge continues, "and perhaps the question, whether any matter is or is not within the submission, *is well tested by another, to wit, whether the same matter could be introduced by way of amendment, either by varying an existing count or filing a new one, because if it is simply another mode of stating the same cause of action it is admissible, otherwise not.*" Now regarding the replication in this case, as it undoubtedly is, but a practicable continuation of the original declaration, there certainly cannot be a doubt on the mind of any one that it would have been competent to the plaintiff to have amended it by the averring of the facts which are deemed necessary to have been in it by the counsel for the appellants; and if this could have been done under the decision last referred to, the submission *waived,* or did away with all necessity for the averments insisted upon. And in the case of *Eddy vs. Sprague,* 10 *Vermont,* 217, the Supreme Court say: "It has never been considered, under the English statute or at common law, that the arbitrator had anything to do with the *particular issue* joined in court, or that it was of any importance whether any

issue was joined previous to the reference. It is customary there to enter up a verdict for the plaintiff for the full amount of the damages claimed in the declaration, subject to the award of the arbitrators, to whom the case is referred." In the same decision it is said: "If the declaration or other pleadings are defective the defendant cannot, on that account, move in arrest of judgment. If the case is referred, standing on the plea of a release, it is competent for the arbitrator to try 'the case' on any other issue. The declaration is important only in order to determine the extent of the submission, and with this view, a copy of it is, in practice, usually attached to the rule issued by the clerk. But it was never known that any other part of the pleadings was copied into the rule, which is the authority for the referees to proceed. It is clear then that the reference of a cause, by rule of court, is not, with us, considered a reference of the particular issue joined in court. *It is a reference of the whole cause to be tried on the merits.*"

In a very careful examination of all the cases referred to by counsel, and due consideration of the arguments addressed to us, we have been unable to discover aught in conflict with the doctrine which we have stated from the authorities referred to. We consider the referee, under the submission, had the right to decide the case on its merits, and that whatever defect there may have been in the pleadings, if any, was waived by that reference. There appearing no error on the face of the award, nor any allegation of misconduct on the part of the referee, as specified in the act of 1778, there is nothing left to us but to affirm the judgment.

*Judgment affirmed.*