STEPHENSON et al. v. MONMOUTH MIN. & MFG. CO.

(Circuit Court of Appeals, Sixth Circuit. December 7, 1897.)

No. 482.

1. DEFECTIVE STATUTORY BONDS — VALIDITY AT COMMON LAW — PUBLIC IMPROVEMENTS—CONTRACTORS' BONDS.

A contractor's bond, securing the payment of material furnished and labor performed in the construction of a public improvement, containing unauthorized conditions protecting the city, and naming the city as obligee, instead of the people of Michigan, as required by How. Ann. St. Mich. § 8411b, is invalid as a statutory bond, but valid as a common-law obligation.

2. SAME—BOND TO CITY—SUING IN CITY'S NAME.

A creditor having a beneficial interest in such a bond may maintain an action thereon in the name of the city as plaintiff, without the consent of the city.

3. SAME—LIABILITY OF ALDERMEN.

An action cannot be maintained by a creditor of a contractor against aldermen of a city for failure of the city to take a statutory contractor's bond, with the people of Michigan as obligee, when the city took a valid common-law bond, with the city as obligee, and the creditor has not asked or been refused the consent of the city to maintain an action on the bond in its name.

In Error to the Circuit Court of the United States for the Western District of Michigan.

This is an action on the case against the plaintiffs in error, who were aldermen of the city of Menominee, Mich., for failure of the city council of Menominee, Mich., to require a contractor to execute a bond as required by Act No. 94, Laws Mich. 1883, being sections 8411a, 8411b, and 8411c, How. Ann. St. Mich., which are as follows:

"8411a. The people of the state of Michigan enact, that when public buildings, or other public works, or improvements are about to be built, repaired or ornamented under contract, at the expense of this state, or of any county, city, village, township or school district thereof, it shall be the duty of the board of officers or agents contracting on behalf of the state, county, city, village, township or school district, to require sufficient security by bond for

the payment by the contractor and all sub-contractors for all labor performed or materials furnished in the erection, repairing or ornamenting of such building, works or improvements.

"8411b. Such bond shall be executed by such contractor to the people of the state of Michigan, in such amount and with such sureties as shall be approved by the board, officer or agent acting on behalf of the state, county, city, village, township or school district as aforesaid, and conditioned for the payment by such contractor, or any sub-contractor, as the same may become due and payable, of all indebtedness which may accrue to any person, firm or corporation on account of any labor performed or materials furnished in the erection, repairing or ornamenting of such building or works. Such bond shall be deposited with and held by such board, officer or agent, for the use of any party interested therein.

"8411c. Such bond may be prosecuted, and recovery had, by any person, firm, or corporation, to whom any money shall be due and payable, on account of having performed any labor, or furnished any materials in the erection, repairing, or ornamenting of such building or works, in the name of the people of this state, for the use and benefit of such person, firm or corporation: provided, that the people of this state shall, in no case brought under the provisions of this act, be liable for costs."

There was evidence showing that the city council of Menominee contracted with one John Larson for the construction of a public sewer, taking from him a bond, with sureties, in the penal sum of $40,000, payable to the city of Menominee, and conditioned as follows: "Now, the condition of this obligation is such that if the said contract shall be executed, and the said John C. Larson shall promptly and faithfully perform his said contract, and shall well and truly keep and perform all the terms and conditions of said contract on his part to be kept and performed, and shall indemnify and save harmless the said city council of Menominee, and the said city of Menominee, as in said contract stipulated, and said John C. Larson and all his subcontractors shall make payment for all labor performed and material furnished in carrying on or completion of the improvements called for by said contract, then this obligation shall be void; otherwise it shall remain in full force and virtue." The charter of the city provides for the election of a city attorney, and constitutes him the legal adviser of the council, and gives him a seat and voice in the council, and makes his approval of all contracts with the city and all bonds to be taken "as to form and execution" necessary "before such contract shall take effect." The bond actually taken from Larson was in writing, approved, "as to form and execution," before the contract or the bond executed by him was approved and accepted by the council. No other bond was required from said Larson. There was also evidence that the defendant in error furnished material and supplies to said Larson to the extent of more than $6,000, which have not been paid for, and which were furnished for the work which he contracted to do, and that he is now wholly insolvent. The plaintiffs in error (who were defendants below) were members of the city council when the contract with Larson was made, and present and assenting to the acceptance and approval of the bond taken from the contractor. There was a jury, and verdict in favor of the defendant in error for $6,676.59, and judgment accordingly.

B. J. Brown, for plaintiffs in error.

E. C. Eastman (F. O. Clark, of counsel), for defendant in error.

Before TAFT and LURTON, Circuit Judges, and CLARK, District Judge.

After making the foregoing statement, the opinion of the court was delivered by LURTON, Circuit Judge.

Public officers having ministerial duties to perform, in which private individuals have a direct interest, are liable to such individuals for any injury sustained by them in consequence of the failure to perform such duties. Amy v. Supervisors, 11 Wall. 136–138; Add. Torts (1st Eng. Ed.) 458–463, et seq.; Cooley, Torts, 379; Ferguson

v. Earl of Kinnoull, 9 Clark & F. 250; Raynsford v. Phelps, 43 Mich. 342, 5 N. W. 403; Teall v. Felton, 1 N. Y. 537; same case, in error, 12 How. 284–291; Hathaway v. Hinton, 46 N. C. 243. The Michigan act of 1883, heretofore set out, made it the duty of the city council to take a bond, with sureties, conditioned for the protection of those who should furnish labor or materials in the performance of the public works contracted for by the city. The total neglect of this duty, under the well-settled rulings of the supreme court of Michigan, is the neglect of an administrative act for which an action will lie by any individual of the class for whose benefit the bond is required, for any injury sustained by him. Owen v. Hill, 67 Mich. 43, 34 N. W. 649; Plummer v. Kennedy, 72 Mich. 295, 40 N. W. 433; Wells v. Board, 78 Mich. 260, 44 N. W. 267. But if the act to be done be not one merely ministerial, but one which partakes of the judicial function as involving the exercise of judgment and discretion, the officer will not be liable, unless actuated by malice, even if he falls into error from which an individual may suffer. Kendall v. Stokes, 3 How. 86, 98; Ferguson v. Earl of Kinnoull, 9 Clark & F. 250; Cooley, Torts, 379; Add. Torts (1st Eng. Ed.) 457 et seq.; Raynsford v. Phelps, 43 Mich. 342, 5 N. W. 403; Van Deuson v. Newcomer, 40 Mich. 90; Hoggatt v. Bigley, 6 Humph. 236.

The fault of which plaintiffs in error were guilty was not in neglecting the duty imposed by this statute by failing altogether to require a bond for the protection of those furnishing the contractor with material, but in taking a bond in which the obligee is the city of Menominee, instead of the people of Michigan, as prescribed by the statute, and by including in the same bond a condition for the fulfillment of the contract with the city by the contractor. The question as to whether an error in respect to the terms of the bond in the matters mentioned is a mistake in respect to a mere ministerial duty, for which these officials would be liable, although individuals may suffer from the mistake, is one not free from doubt. It would seem that a distinction might well be drawn between such cases as Owen v. Hill, Plummer v. Kennedy, and Wells v. Board, cited above, and that presented by the facts shown by this transcript. But has the defendant in error sustained an actionable injury by the mistake in making the city of Menominee the obligee in the bond, or by including a condition for the protection of the city against a breach of the contract between the city and Larson? That the statute contemplated a bond payable to the people of the state of Michigan, and conditioned only for the payment of labor and supply claims contracted by the contractor or subcontractors, is very obvious. But the inclusion in a statutory bond of conditions not authorized by the statute, if the good and bad conditions be severable, will not invalidate the bond. U. S. v. Bradley, 10 Pet. 343. The condition for the protection of the city, though not expressly authorized by any statute or provision of the charter, is not ultra vires, and constitutes a valid common-law obligation, though voluntary. U. S. v. Tingey, 5 Pet. 115; U. S. v. Bradley, 10 Pet. 343; Supervisors v. Coffenbury, 1 Mich. 355; Knapp v. Swaney, 56 Mich. 345, 23 N. W. 162; Board v. Grant (Mich.) 64 N. W. 1050. The fact that the bond taken was

made payable to a promisee other than the people of the state of Michigan, as required by the statute, invalidates it as a statutory bond. Supervisors v. Coffenbury, 1 Mich. 355; Town of La Grange v. Chapman, 11 Mich. 499; U. S. v. Linn, 15 Pet. 290. But a bond which is vitiated as a statutory bond, because running to a promisee whom the statute does not authorize to become the obligee, may be good as a common-law bond, if the conditions of the bond are such as are authorized by law, and the obligee named be not incompetent to become a party to such an obligation. U. S. v. Tingey, 5 Pet. 115; U. S. v. Bradley, 10 Pet. 343; U. S. v. Linn, 15 Pet. 290; U. S. v. Hodson, 10 Wall. 395; Bay Co. v. Brock, 44 Mich. 45, 6 N. W. 101; Board v. Grant (Mich.) 64 N. W. 1050; Governor v. Allen, 8 Humph. 176; Thompson v. Buckhannon, 2 J. J. Marsh. 416; Montville v. Haughton, 7 Conn. 543; Vanhook v. Barnett, 15 N. C. 268; Sweetser v. Hay, 2 Gray, 49; Claason v. Shaw, 5 Watts, 468; Thomas v. White, 12 Mass. 369; Horn v. Whittier, 6 N. H. 88; State v. Thompson, 49 Mo. 188.

There was authority of law for requiring a bond from any contractor for a public work conditioned for the payment by the contractor of all his labor and material debts incurred in the work. Neither was the city of Menominee disqualified or incompetent to be a party to such a contract, as a municipality of the state of Michigan. Knapp v. Swaney, 56 Mich. 345, 23 N. W. 162. A bond taken under this statute, and running to the board of education of Detroit, was held to be a good common-law bond, upon which an action would lie in the name of the board for the use of individuals furnishing materials to a contractor with the board. Board v. Grant (Mich.) 64 N. W. 1050. The powers of a municipal corporation under the laws of Michigan are much wider than those of a board of education. The city had the power to contract for the public work undertaken by Larson, and the power to take from him a bond conditioned for the payment of labor and material claims. The duties of a mere promisee in such a bond are purely nominal, and only for the purpose of furnishing some one who might be a plaintiff. The bond taken is in furtherance of the statutory purpose, and a legislative policy; and we see no reason why the substitution of the city as obligee should vitiate the bond as a common-law obligation. This was the view entertained by the trial judge, who instructed the jury that this was "a good bond, upon which the city could maintain an action against the sureties,—for the nonpayment of this very debt which Larson incurred." The obligors have chosen to make the bond payable to the city as trustee for those entitled to its benefit, and we think it is not vitiated as a common-law obligation because it runs to the city of Menominee.

That the bond is dual in respect to beneficiaries and conditions does not affect its validity, the conditions being divisible. Even a statutory bond is not invalidated by the inclusion of conditions not authorized by the statute, if the good and bad conditions are severable. U. S. v. Bradley, 10 Pet. 365; Board v. Grant (Mich.) 64 N. W. 1050. In the case last cited, the bond was one substantially like that taken by the city of Menominee, and included a condition

against the breach of the contractor's contract with the board, and another for the payment of the contractor's debts for labor and materials. The conditions were held to be severable, and the bond valid. The objection that the city as obligee might, by conduct or consent, release or discharge the sureties on this bond without the consent of those interested, is unmaintainable. So far as the bond is for the protection of the city, it may deal with it as it chooses; but, so far as it is for the benefit of third persons, it is a mere trustee, and could do nothing which would legally discharge the bond or affect the interests of the beneficiaries. Horn v. Whittier, 6 N. H. 88, 94; Mountstephen v. Brooke, Chit. 390. We have a case, then where the city has taken a valid common-law bond running to itself, and conditioned that the principal obligee shall pay all debts incurred by him in the course of his contract with the city for labor or materials. It is clear that the city could authorize the use of its name as plaintiff in an action upon this bond for the use of the Monmouth Mining & Manufacturing Company, as a company which had a debt against Larson, the obligor in the bond, for materials furnished him for carrying out his contract with the obligee in the bond. That this creditor could not sue as plaintiff upon that bond is also clear, for no one can sue as plaintiff who has not the legal interest, unless permitted to do so by statute. La Grange v. Chapman, 11 Mich. 499; 3 Enc. Pl. & Prac. 639, and cases cited.

The circuit judge instructed the jury to find for the plaintiff below, upon the ground that the plaintiff had no remedy upon this bond. Upon this subject he said:

"Now, turning to the bond which was taken in this case, I am entirely satisfied that while it is a good bond,—a good common-law bond in the hands of the city of Menominee,—and might be enforced by the city, yet that the plaintiff has no direct interest in it; not being a common-law bond in that particular, he could not maintain an action upon it; the action must be brought in the name of the person to whom the bond runs; and, in view of the law which prevails in this state that an action at law may not be brought upon a contract which is for the purpose of giving a third person, other than those to the contract, a benefit, as may be done by law in some states, notably New York, and some others which have adopted the same doctrine, yet, having regard to that rule that a third person for whose benefit a contract is made cannot maintain an action at law upon it, but a suit must be brought in the name of the party to whom the stipulation is given, I cannot see my way clear to finding any remedy to this plaintiff in the bond which the board took."

Here, in our judgment, was the error of the learned judge. It is true that no action by the defendant in error as plaintiff would lie upon this bond; but that would also be the case if the bond had run to the people of the state of Michigan. The difference resulting from the mistake in drawing the bond so as to run to a promisee not authorized by the statute is, that if the bond had run to the statutory obligee, the statute itself granted authority for the starting of a suit in the name of the people of the state of Michigan for the use and benefit of any one intended as a beneficiary; while there is no statutory authority by which defendant in error might have used the name of the substituted obligee as plaintiff for its use and benefit. That no one can use the name of another as plaintiff without his con-

sent given in fact or by legal intendment is clear. Washington v. Young, 10 Wheat. 404. But when a public municipality charged with the duty of taking and holding the bond required by this statute takes a bond properly conditioned, but running to itself, it does, by legal intendment, consent to the use of its corporate name as plaintiff by any one beneficially interested in the bond thus taken, when indemnified against costs. No express authority of law is needed to authorize the use of the name of the city as plaintiff under such circumstances. The cases of Kiersted v. State, 1 Gill & J. 231, and Ing v. State, 8 Md. 287, though differing in facts, are in point as to the principle.

But upon another ground the same result must be reached. If the consent in fact of the city is essential to the bringing of a suit upon the bond in which it is the obligee, we think it devolved upon the plaintiff to show that consent had been refused. The gravamen of the suit is that the plaintiff below has lost its debt by the mistake made in taking a bond which ran to the city. But if a bond was taken good at common law, upon which an action will lie in the name of the obligee therein as plaintiff for the use and benefit of the plaintiff below, then it was its duty to resort to that bond; and, if the consent of the city to the use of its name as plaintiff was essential, it should aver and prove that consent was refused, though indemnity against cost was tendered. This, it must be remembered, is an action for damages; and, if nothing stood in the way of a remedy upon the bond which was taken but the permission of the obligee to the bringing of a suit in its name as nominal plaintiff, it should have requested such permission. It was the plain duty of plaintiff to have minimized its loss as far as it reasonably could. For this error the judgment must be reversed, and a new trial awarded.