### B. F. STURTEVANT CO. v. FIDELITY & DEPOSIT CO. OF MARYLAND.

(District Court, S. D. New York. May 23, 1921.)

Municipal corporations ⊗═348—Action at law on surety contractor's bond maintainable only in name of obligee.

A bond by a municipal building contractor, conditioned in part that if the contractor shall pay the sums due to all persons for labor and materials the bond shall be void, contains no promise by the surety to pay subcontractors for labor and materials furnished, and an action at law on the bond for their benefit can only be maintained in the name of the obligee.

At Law. Action by the B. F. Sturtevant Company, on behalf of itself and all others similarly situated, against the Fidelity & Deposit Company of Maryland. On demurrer to complaint. Demurrer sustained.

Demurrer to a complaint upon a surety bond.

The complaint was filed by the plaintiff, a Massachusetts corporation, on behalf of itself and of others similarly situated, against the defendant, a surety company of Maryland. It alleged that the city of Syracuse wished to build a vocational high school, and in pursuance of its municipal powers advertised for proposals to perform all the labor and materials necessary for its construction. These advertisements were circulated, together with a copy of a proposed contract for open bidding, and the bidder was required to execute a bond with sureties for his performance. The successful bidder was the P. J. Sullivan Company, and to it the contract was awarded. The

⊗═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

P. J. Sullivan Company and the defendant, as surety, executed the required bond, in the sum of $28,000, to the board of commissioners of the city of Syracuse.

The condition of the bond was as follows: "If the above bounded the P. J. Sullivan Company, the contractor with the aforesaid board in the aforesaid contract named, shall and will faithfully perform the work and furnish the materials and supplies in and by the said contract signed by it to be performed and furnished and shall faithfully comply with all the conditions and obligations of said contract on its part and in every particular and shall promptly make payment of the sums due to all persons for labor and materials in the prosecution of the work provided for in this contract, then and in that event this obligation to be void."

During the prosecution of the work the plaintiff, at the request of the P. J. Sullivan Company and in reliance upon the bond, furnished heating and ventilating equipment with proper accessories to the value of $4,001.95 in performance of the contract of the P. J. Sullivan Company with the city. The contractor, the P. J. Sullivan Company, has failed to pay this sum to the plaintiff, having been adjudged bankrupt, and has also failed to perform its contract with the city of Syracuse, causing a loss to the said city in the sum of $20,775.22, which the defendant has paid. The plaintiff claims that there remains due upon the bond $7,224.78, out of which it may recover its claim of $4,091.95. It does not appear whether there are other unpaid subcontractors, or, if so, who they are, where they live, or what is the aggregate of their claims.

The demurrer was on two grounds: (1) For failure to state cause of action; and (2) "that there is a defect of parties plaintiff." The defendant relies upon the well-established decisions in the state of New York that subcontractors may not sue the surety under bonds of the foregoing character, and that in any case all subcontractors must be parties plaintiff. The plaintiff relies upon the fact that the New York decisions are not binding in a federal court, and that it may sue on behalf of itself and all others similarly situated, without joining them as parties plaintiff.

Alice H. Moran, of New York City, for plaintiff.

Daniel Coombs, for defendant.

LEARNED HAND, District Judge (after stating the facts as above). It may be accepted as the law of New York, Fosmire v. N. S. Co., 229 N. Y. 44, 127 N. E. 472, that an action at law will not lie by a subcontractor upon such a bond, while the obligee of the bond is unpaid. This decision I followed in my earlier ruling in the case at bar. It now appears that the city has been paid, and that there is a balance. If so, the reasons given in Fosmire v. N. S. Co., supra, no longer apply, because a recovery upon the bond would not now frustrate its purpose, or deprive the city of its protection. Moreover, that case expressly refuses to decide that a suit by the obligee (in that case the people), presumably for the use of the beneficiaries, might not lie. I regard that as a possibility open under the law of New York in a case like that at bar.

The bond has been treated as though it contained a promise by the defendant to pay the subcontractors, but it does not. Indeed, not even the condition describes an act to be performed by the obligor. Therefore the difficulties arising from a promise to one person to pay a sum of money to another cannot arise. Those difficulties are that if the third person, who is damaged, sues, he is met by the fact that the promise was not made to him; while if the promisee sues, he is met by the fact that he can show no damage from the promisor's failure

to pay money to another person. Therefore I decline to consider whether the rule of Hendrick v. Lindsay, 93 U. S. 143, 23 L. Ed. 855, and Gardiner v. Equitable Office Building Corporation (C. C. A., April 6, 1921, 273 Fed. 441) should take precedence over the rule in the state courts.

On the other hand, the obligee, the city, could sue upon the bond, and at law could recover damages, except in so far as the recovery were prevented because it would enforce a penalty. In short, the right, though clear at law, would only be forbidden in equity, or at law upon principles directly borrowed from equity. But if the recovery were to the use of the actual beneficiaries, such considerations would no longer obtain. The obligee's right to recover would be as clear at law as before, but a recovery would not enforce a penalty. Therefore the plaintiff might well be able to sue at law in the name of the city to the use of all subcontractors. This has in substance been recognized in federal courts without the aid of the statute of 1894. Tyler v. Hand, 7 How. 573, 12 L. Ed. 824; Stephenson v. Monmouth, etc., Co., 84 Fed. 114, 28 C. C. A. 292. But the plaintiff may not sue, except in the name of the obligee, because the condition is not a promise, as I have said, and no action will lie, except upon the bond itself, under Farni v. Tesson, 1 Black, 309, 17 L. Ed. 67, a decision authoritative upon me, whatever other courts have decided to the contrary.

Hence it follows that as an action at law the complaint must fail. It may be urged that it should succeed as a bill in equity. I will not say, if the city should refuse to allow its name to be used, and if the plaintiff were so to allege and to join the city and the defendant in a bill in equity, that the suit would fail. Again, I will not say that under equity rule 39 (198 Fed. xxix, 115 C. C. A. xxix) the plaintiff would fail, if, being refused consent by the city to the use of its name, it were to sue the defendant alone in equity in this district, alleging that it could not join the city because it could not serve it, and could not serve the defendant in the Western district, where alone it could serve the city. The difficulty with the present pleading, viewed as a bill in equity, is that it shows no reason for any recourse to equity at all, and, viewed as a complaint at law, it does not speak in the name of the only obligee. In no aspect therefore can it succeed.

Finally, it is unnecessary to say whether the plaintiff may sue on behalf of itself and all others similarly situated under equity rule 38 (198 Fed. xxix, 115 C. C. A. xxix). No doubt where, as here, a person, e. g., the city, holds a right in trust for a class, it is usually enough that a single member of the class sue on behalf of himself and all his fellows. Whether, if the plaintiff filed such a bill, that doctrine would apply, I need not now decide.

Demurrer sustained. In view of what was said at the bar, there will be no respondeat ouster.