## Case No. 14,619.

### UNITED STATES v. BOICE.

[2 McLean, 352.] [2]

Circuit Court, D. Indiana. May Term, 1841.

PARTIES—UNITED STATES—NOTE.

On a note given to an agent of the United States, for their benefit, suit may be brought in their name.

[Cited in Bry Co. v. Brock, 44 Mich. 53, 6 N. W. 105.]

At law.

Mr. Pettit, U. S. Dist. Atty.

Lockwood & Gregory, for defendant.

HOLMAN, District Judge. This is an action of debt for three promissory notes, made by the defendant, payable to Levi Woodbury, secretary of the United States treasury, or to his successors in office. The suit is in the

---

[1] [Reported by Numa Hubert, Esq., and here reprinted by permission.]

[2] [Reported by Hon. John McLean, Circuit Justice.]

name of the United States. The declaration states that the defendant made the notes, and delivered them to the plaintiffs, and thereby promised to pay said plaintiffs, by the name and description of Levi Woodbury, secretary of the United States treasury, or to his successors in office, and alledges a failure to pay in the usual form. To this declaration the defendant has demurred, on the ground that the suit should have been in the name of Levi Woodbury, and that the United States can not maintain an action in their own name upon these notes. It is not pretended that the notes are not the property of the United States, nor that the money due on them is, in fact, due to the United States; but that no action can be maintained on them but in the name of Levi Woodbury, the nominal payee, or his successor in office, or his representatives. The form in which the interest of the United States in the notes is alledged in the declaration, is unimportant. The question presented by the demurrer for the consideration of the court, is, can the United States maintain an action on the notes in their own name? Taking it, then, for granted that the United States alone are entitled to the money due on these notes, there can be no question but that they can maintain an action for it in their own name.

Without any reference to the various cases where a principal may sue in his own name, on a contract made in the name of his agent, the court is satisfied that the positions taken by the supreme court, in the case of Dugan v. U. S., 3 Wheat. [16 U. S.] 173, clearly establish the right of the United States to maintain this action. That was a case where a bill of exchange had been indorsed to Thomas T. Tucker, Esq., treasurer of the United States, or order. It had been indorsed by him to another, but came back to his hands, in consequence of a protest for nonpayment; and a suit was instituted on it against a prior indorser, in the name of the United States. And, on a special verdict finding all the facts, the court determined that the action was well brought, and that the United States had a right to sue and recover in their own name. "If," say the court in their opinion, "it be generally true that, where a bill is indorsed to the agent of another for the use of his principal, an action can not be maintained in the name of such principal, (on which point no opinion is given,) the government should form an exception to such rule, and the United States be permitted to sue in their own name, whenever it appears, not only on the face of the instrument, but from all the evidence, that they alone are interested in the subject matter of the controversy." In the case before the court, the allegations in the declaration clearly show that the United States alone are interested in the subject matter of this action, and, consequently, they have a right to maintain the action in their own name. "There is," say the court, in the case here cited, "a fitness that the public, by its own officers, should conduct all actions in which it is interested, and in its own name; and the inconveniences to which individuals may be exposed in this way, if any, are light, when weighed against those which would result from its being always forced to bring an action in the name of an agent. Not only the death or bankruptcy of an agent may create difficulties, but setoffs may be interposed against the individual who is plaintiff, unless the court will take notice of the interest of the United States; and, if they can do this to prevent a setoff, which courts of law have done, why not at once permit an action to be instituted in the name of the United States?" The reasoning in this case is so clear, and the doctrine established so conducive to public justice, without imposing any hardship on public debtors, that, independently of its authoritative character, as the supreme law of the land, the court do not hesitate to decide this case in accordance with its principles; though the cause of action in this case is not the same, in terms, that it was in that, and the interest of the United States does not appear in the same way. There it appeared in a special verdict, here by the averments in the declaration: yet the interest here, for the purposes of settling the right of action, is as unquestionable as it was there; and, therefore, this action is clearly maintainable in the name of the United States. Demurrer overruled.