## BRALEY vs. CLARKE & PECK.

1. An order for a mandamus, to compel the sheriff to accept a bond, for the trial of the right of property in a slave, levied on under attachment, is not such a judgment, sentence, or decree, as will support a writ of error sued out by the plaintiff in the attachment suit.
2. Whether, in such case, the sheriff himself could bring the action of the court under review by writ of error?—QUERE.

ERROR to the Circuit Court of Tuscaloosa. Tried before the Hon. Jno. D. Phelan.

WM. COCHRAN, for the plaintiff in error.

ORMOND, for the defendants.

DARGAN, C. J.—The plaintiff in error sued out an attachment against Francis Inge, which was levied by the sheriff on a negro boy, by the name of Jackson. The defendants in error, who were strangers to the attachment suit, executed a bond, payable to the plaintiff in the attachment, with a condition that if the defendant in the attachment should be condemned in the action, then if they should return the slave to the sheriff, the bond should be void, otherwise to remain in full force. A judgment was subsequently rendered against Inge, and the sheriff demanded the slave of the obligors, whereupon, Clarke, one of the obligors, made affidavit that the slave was his property, and ten-

dered a bond for the trial of the right of property. This the sheriff refused to accept, and, the slave not having been delivered, he returned the replevy bond as forfeited, and execution was afterwards issued thereon against the obligors. At the next term of the court, the defendants moved to quash the execution, on the ground that no execution could issue on the bond against them, as it was not a statutory bond. They also moved for a mandamus against the sheriff, to compel him to allow the claim to be interposed. The court refused the motion to quash the execution, but granted the motion for a mandamus to compel the sheriff to allow the claim to be interposed. To review the action of the court in granting the mandamus against the sheriff, this writ of error is prosecuted.

We will not examine the question raised by the assignment of error, for we do not think that the order of the court granting a mandamus against the sheriff, to compel him to allow the claim tendered by Clarke to be interposed, is such a judgment as will warrant the issuance of this writ of error. A writ of error will only lie to a judgment, sentence, or decree, that is final and definitive of some right of the parties, and if no such judgment be rendered, a writ of error ought not issue to review the orders of the court pending the cause. It is true, that a writ of error will lie to review the judgment of a court refusing to quash an execution, (Hester et al. v. Keith & Kelly, 1 Ala. 316; Lunsford et al. v. Richardson & O'Neal, 5 ib. 718;) but in those cases, the decision was conclusive of the rights of the parties, and if it could not have been reviewed on error, the party, against whom it was made, would have been without remedy. But in the case before us, nothing is concluded by the judgment of the court, except that the claim should be interposed; the execution was not quashed, nor the bond held for nought. The rights of the parties to the slave were not determined, nor in any manner definitely settled, and therefore, there is no such judgment as would warrant the issuance of this writ of error. Whether the sheriff could have prosecuted a writ of error upon the judgment against him awarding the mandamus is a question not before us, but the plaintiff in the attachment is not entitled to this writ, until by the judgment of the court below some right of his is finally adjudicated. It may be, that on the trial of the right of property the slave would be condemned; if so, there

would be no need of this writ of error; but if not condemned, then the right of the plaintiff would be finally adjudicated, and by one writ of error, we could review the entire case. Let the writ of error be dismissed.