## The Town of LaGrange v. Sylvanus S. Chapman and others.

A township treasurer gave bond to "The People of the State of Michigan," instead of to the township as required by law. It was held that suit could not be brought on this bond in the name of the township.

An averment in the declaration that the defendants, by the bond, "acknowledged themselves to be held and firmly bound unto the plaintiffs, by the name and description of the People of the State of Michigan," does not help the case. The Court must take judicial notice that the State and the township are separate political organizations, and the averment is therefore inconsistent with the bond, which parol evidence can not be received to contradict.

*Heard July* 12*th and* 13*th. Decided July* 17*th.*

On case made from Cass Circuit. The case is sufficiently stated in the opinion.

*Muzzy & Beaver*, for plaintiff:

The bond, though running to the People, recites the facts which show that it is wholly for the benefit of the town. The bond itself, when read in evidence, supports the averment in the declaration which is claimed to be repugnant, shows the mistake, and designates the plaintiff as the party in interest. Such being the case, we think it would require no violation of the rules of evidence to prove this averment, and that the bond itself vests the right in the plaintiff: — *Grant on Corp.* 51 *and note*; 10 *Mass.* 327; 10 *Mass.* 360; 21 *Pick.* 487; 13 *Johns.* 88; 1 *Met.* 359; 1 *Met.* 473; 18 *Ill.* 38; 28 *Penn.* 186; *Kyd on Corp.* 257; *Supervisors v. Coffinbury*, 1 *Mich.* 355.

*D. Blackman*, for defendants:

The obligee in the bond who has the legal interest must be the plaintiff in debt on bond, although it be stated therein that the bond is made for the benefit or use of another than the obligee:—1 *East*, 497; 8 *Conn.* 286; 4 *Gray*, 81; 9 *Wend.* 233.

This is not a case of misnomer, which is a variation from the true name, but on the contrary the Court take

judicial cognizance of the fact that the town is one corporation and the State another:—7 *Blackf.* 86.

MANNING J.:

This is an action of debt on a township treasurer's bond, brought in the name of the township against the treasurer and his sureties, on a bond given by them to The People of the State of Michigan, the declaration stating that the defendants acknowledged themselves to be held and firmly bound unto the plaintiff, by the name and description of The People of the State of Michigan.

The defendants craved oyer of the bond, and demurred to the declaration, and the question is whether the action can be sustained.

The statute requires the township treasurer to give a bond with sureties to the township. *Comp. L.* § 569. The bond declared on is to the People of the State of Michigan, instead of the township. It is not the bond required by the statute. And if an action can be sustained on it in its present shape, it must be in the name of The People of the State of Michigan, the obligees, unless the averment in the declaration will authorize an action in the name of the plaintiff.

The State of Michigan and the township of LaGrange are separate political organizations; in law corporations, of which we can take notice judicially. This being the case, the averment in the declaration is not consistent but wholly inconsistent with the bond, which parol evidence can not be received to contradict. The judgment must, therefore, be reversed, and a judgment be entered for the defendants, with costs.

The other Justices concurred.