THE COUNTY OF BAY FOR THE USE, ETC. OF DAVID H. HOUGH-TALING AND HIRAM ROMEYN v. MARTIN W. BROCK ET AL.

*Sheriff's bond—Surety's liability when informal.*

The sheriff elect entered into a bond, with sureties, which was intended for his official bond as sheriff, and was in all respects correct except that the county was named as obligee therein when the statute required the bond to be given to the people. The board of supervisors approved of the bond as sufficient. *Held*, that as the statute empowered and required the supervisors to examine and approve the bond and the sureties therein, this approval was final and the bond a valid official bond.

As the obligee named in such a bond has no active duty to perform, and no voice in taking or approving of the bond, or in bringing suit upon it, and there is no importance in the people being named as obligee rather than the county, it being important only that some party shall be named as promisee in whose name suits may be brought, the provision for naming the people may be treated as directory merely, and a bond sufficient in substance, which parties have given for the statutory purpose, which has had the statutory approval, and on which the public have relied, will be held sufficient to give the intended security.

Error to Bay. Submitted April 16. Decided June 16.

ASSUMPSIT. Plaintiff brings error. Reversed.

*McDonell & Mann* for plaintiff in error. Official bonds are not necessarily invalidated by informalities in naming the obligee, if the variance is not material: *Supervisors v. Cof-*

*finbury* 1 Mich. 355 ; *La Grange v. Chapman* 11 Mich. 500 ; *Sweetser v. Huy* 2 Gray 52 ; *Horn v. Whittier*, 6 N. H. 88 ; *Governor v. Allen* 8 Humph. 176 ; *Vanhook v. Barnett* 4 Dev. 268 ; *Justices v. Smith* 2 J. J. Marsh. 472 ; *Thomas v. White* 12 Mass. 369 ; *People v. Love* 19 Cal. 681.

*McMath & Cobb* for defendants in error.   An official bond will not sustain a recovery for the use, etc. of a third party where suit is brought in the name of some other than the statutory obligee : *Albertson v. State*, 9 Neb. 429.

COOLEY, J.   This is an action upon the official bond of Martin W. Brock, late sheriff of Bay county, brought by Houghtaling and Romeyn, who allege as their injury, the neglect to levy an execution issued to him upon a judgment in their favor, and a false return thereon.

The case in the court below turned upon the validity of the bond, which unfortunately had not been framed in conformity to the statute.   The statute requires the bond to be given to the people of the State in the penal sum of ten thousand dollars, with condition that if the principal obligor shall well and faithfully in all things perform and execute his office of sheriff during his continuance in office by virtue of his election, without fraud, deceit or oppression, and pay over all moneys that may come into his hands as sheriff, then the obligation to be void, otherwise of force.   Comp. L. § 551.   The purpose of the bond is sufficiently indicated by the condition : it is to protect and give indemnity to all persons in whose favor a duty may arise, to be performed by the sheriff, and who may be damnified by neglect or failure in performance.   The State, or what is equivalent, the people of the State (*People v. Love* 19 Cal. 676), is made the obligee, as mere naked trustee for those who might become entitled to the protection of the bond, and who of course can never be known at the time the bond is taken, but will be pointed out by such subsequent events as charge the sheriff with a duty in their favor.

The statute of 1846 required this bond to have the approval

of the circuit or county judge; but this was so changed in 1873 as to impose the duty of approval upon the board of supervisors. General Laws, 1873, p. 26; amended, Public Acts 1877, p. 86. The approval is of the bond, and the sufficiency of the sureties thereto (ibid.); and when approved the bond becomes a part of the county records, and is relied upon for their protection by all persons having occasion to employ the sheriff's services.

The defect in the bond now under consideration is that it names the county of Bay as the nominal trustee, instead of the State. For this reason it is said to be absolutely void, and the parties who have relied upon it as security, who themselves had and could have no voice or influence in shaping or taking it, but who had a right to suppose that the public authorities charged with a duty in the premises would correctly perform that duty, are now, in consequence of this error, left to suffer the loss of important rights without redress. It seems at first blush a very small error to have such important consequences; for the obligee named in the bond has no active duty whatever to perform, being neither consulted when the bond is taken, nor afterwards when it is sued, and having in fact no control whatever over it, except as a public officer holds it for safe-keeping.

If the several duties which the sheriff is called upon to perform could only arise because of the statute requiring the giving of the bond, there would be abundant reason for saying that until a bond in conformity with the statute was produced, no recovery could be had. But this statute does not impose the duties; they would be the same if no official bond were required, and a sheriff *de facto* is charged with them under the same circumstances as is a sheriff *de jure*. It needs no statute to enable the officer to give a valid bond to perform any such duty; and had Brock executed to Houghtaling and Romeyn a common law bond conditioned that he would duly levy and return the execution they placed in his hands, there could have been no doubt of its validity. *United States v. Tingey* 5 Pet. 115; *Thompson v. Buckhannon* 2 J. J. Marsh. 416; *Governor v. Allen* 8 Humph.

176; *Montville v. Haughton* 7 Conn. 543; *Commonwealth v. Wolbert* 6 Binney 292. And any bond that may voluntarily be given to a party for his benefit will be equally valid if given to another for him. *Vanhook v. Barnett* 4 Dev. 268. And in the case last cited this principle was applied to the bond of office of an administrator, which, though given to the county justices when the statute required it to be given to the governor, was held to be a valid common law bond, and available as such to any person in whose favor a cause of action against the administrator might arise. I can see no difficulty in the application of this doctrine to the bond now in suit, except that the damages to which a sheriff may become liable to different persons may indefinitely exceed the penalty of the bond; but it might well be held that recoveries could be had not exceeding the penalty in all. *Commonwealth v. Wolbert*, supra.

But it seems to me that this bond may be supported on another ground. The taking of the bond is by the board of supervisors, and the approval of the form and security is confided wholly to that body. If they decide to take one the form of which is not what it should be, and it is invalid in consequence, there is and can be no redress whatever for those who may be injured. The duties of the board are *quasi* judicial, and no action can be predicated upon an erroneous performance. *Van Deusen v. Newcomer* 40 Mich. 90, 135; *Raynsford v. Phelps* 43 Mich. 342. But the very fact that they are protected in acting upon their judgment, is a reason why the public also should be protected by their judgment. If a mere ministerial officer through his negligence or failure to obey the statute causes damage, he is held responsible for it, and if parties must perforce accept the judgment of a judicial officer or board, they ought to be safe in relying upon it, especially when they can have no opportunity to object or complain.

Now this *quasi* judicial board, in taking and approving the official bond of a county officer have decided that it is proper to name the county therein as obligee. In doing so they have not complied with the strict letter of the law,

which required a bond to the people of the State. No one questions that the bond taken is equally proper, equally convenient and equally effectual provided the law will admit of its being taken, and I doubt if any good reason can be assigned for requiring the bond to be taken to the people rather than to the county, as the supervisors decided to take it. And my opinion is that while the statute ought to have been obeyed literally, yet that in so far as it names the nominal obligee in the bond, it, is to be regarded as a directory provision merely. The obligee is not named because of any interest in the condition, but merely that there may be a promisee and a party in whose name to bring suit; nothing of importance depends upon its being the State rather than the county; the condition is the important requirement, and the naming of an obligee is the merest formality possible, so that if the instrument omitted to name one, as the statute evidently contemplates shall be done in the case of a constable (Comp. L. § .723), the substance of the undertaking would still remain. The approval of the supervisors in the case of a sheriff's bond, in which all the substantial requirements appear, seems to me conclusive, and I do not think we are at liberty to treat it as void to the prejudice of those who have relied upon it. The sheriff and his sureties have endeavored to give the proper statutory bond; the supervisors, to whom the law has confided the duty, have given it the statutory approval as proper and sufficient; the public have relied and indeed were compelled to rely upon it; and we are not disposed now to hold that a mere error in matter of form shall disappoint the reliance and nullify as well the attempt of the parties to bind themselves as that of the proper official board to approve it.

The judgment must be reversed, with costs, and a new trial ordered.

MARSTON, C. J. and CAMPBELL, J. concurred.

GRAVES, J. dissenting. I agree with the circuit judge that the declaration shows no cause of action. The law

cannot be changed by the mode of entitling the cause, or by the fashioning of the declaration. The defendant Brock was elected sheriff and gave a bond, with the other defendants as sureties, for the discharge of his duties in a proper manner. It was framed in accordance with the statute (Comp. L. §§ 550–1) in all respects, except that in place of being made to " the people of this State," it was drawn and executed as running to " the county of Bay." It was approved in the same manner by the board of supervisors as required where the bond, conformably to the statute, is made in terms to " the people of this State." Laws 1873, Act 27, p. 26, as amended in 1877 by Act 112 Pub. Acts 1877 p. 86. The action is brought on this instrument in the name of Bay county. In entitling the cause the names of Houghtaling and Romeyn are introduced as persons for whose use and benefit the suit is prosecuted, and the cause of action set up is confined to injuries to them by the defendant Brock in his character of sheriff, in neglecting to levy and in falsely returning as unsatisfied an execution in their favor. No breach of duty or default towards the county is suggested   The county's title to sue is based exclusively on the alleged grievances of Romeyn and Houghtaling.

The general principle is indisputable that no one but the party having the strict legal title to the cause of action can be plaintiff, and that suing in the name of one and alleging the cause of action as in another is a fatal contradiction (1 Chitty's Pl. 2, 3; *Forrest v. O'Donnell* 42 Mich. 556); and this principle is always applicable unless the case is taken out of it by some special regulations, and there are no such provisions for a suit in the name of a county, based on a bond for the official good behavior of a sheriff.

Where the people of the State are the real obligees, a suit in their name may be maintained on the bond for the use and benefit of any one injured by the default or misconduct of the sheriff in his office, and in that case " such party shall be deemed the plaintiff in such action." Comp. L. ch. 209 § 1 et seq.; *Jackson v. The People* 6 Mich. 154. The power in that instance is given by statute, and would not

exist otherwise. The enactment would not have been required if the same course might have been pursued without it. The Legislature saw fit to connect the remedial exceptions with a proceeding in the name of the people on the sheriff's official bond, and not with one in the name of a county, and it is not competent for the court to extend the regulation to an action in the name of a county. *Davis v. Kruger* 4 E. D. Smith 350; *Jackson v. Simonton* 4 Cranch C. C. 255; *Town of La Grange v. Chapman* 11 Mich. 499; *Stevens v. Hay* 6 Cush. 229; *Marshall v. The State* 8 Blackf. 162.

In case the beneficiary sues in the name of the obligee for a cause of action with which, as the same is set forth, the obligee has no connection, the aid of the statute is indispensable; and where, as here, it does not apply, the nominal plaintiff must be considered as the real plaintiff in judging of his right to sue on the cause of action set up, and the suggestion that the suit is for the benefit of others cannot avoid the want of legal title in him apparent on the face of the declaration. *Farwell v. Dewey* 12 Mich. 436; *Clay Fire & M. Ins. Co. v. Huron Salt etc. Co.* 31 Mich. 346; *Kelly v. The State* 25 Ohio St. 567; *The State for the use of the Justices of the Levy Court of Baltimore County v. Dorsey et al.* 3 Gill & J. 75; *Inhabitants of Northampton v. Elwell* 4 Gray 81.

The books contain instances where actions have been sustained, notwithstanding a variation between the denomination of the obligee in the statute and in the bond. But this has been on the ground of there being no difference in effect, the essence of the ruling being that either name denoted the same governmental agency or sovereignty: *Treasurers v. Stevens* 2 McCord 107; *Tevis v. Randall* 6 Cal. 632. So too it has been held that the same corporation might under some circumstances be made a party in legal proceedings, under either of two names, each having the requisite legal property to identify it. *Lyell v. Supervisors of Lapeer County*, 6 McLean 446; *Johr v. Board of Supervisors of St. Clair County*, 38 Mich. 532. These decisions are not applicable here.

The expressions " The county of Bay " and " The people of this State" do not represent the same thing. The latter denotes the political or sovereign body of the State, and the former one of its political subdivisions or municipal corporations. The county had only the common interest of natural and artificial persons in general, and no greater competency to become a party as obligee; and it had no authority whatever to assume the position of trustee. No exception in favor of authority by the county can therefore be found in any peculiar interest of its own, or in any particular duty imposed upon it to stand as a trustee.

But it must not be implied from these considerations, which are urged to show that the bond is not suable in the name of the county, that it is decided to be invalid. That point is not involved. The transaction stands on grounds peculiar to itself. The requirement of the proper obligation is an expedient of government to afford protection to suitors, and is of a public nature. The obligation prescribed does not spring from the mere business concerns of individuals, or from any of those arrangements of personal or private interest which are the sources of other classes of obligations. It is something which forms a part of the machinery of administration. It is expressly required of the sheriff, and its character and scope are previously ascertained by law. No room is left for any negotiation or speculation about the terms. They are given by the statute, and as stated heretofore, the instrument is directed to be made to the people of this State, and except in Wayne county, the business of approval is devolved on the board of supervisors. In performing this function it is incumbent on them to see, not only that the sureties are sufficient, but that the essential matters as to the contents agree with the statute; and in this they are called to act as agents of the public and guardians of its interests. The named obligees are contemplated as having nothing more than the legal title, the beneficiary being regarded, in case of a suit, as the plaintiff in interest and controller of the action, and the suit and judgment as his suit and judgment.

Now, in regard to the instrument in question here, there seems to be but one inference, and that is that it was drawn, executed and received as the security the statute called for from the sheriff, and that the only agency for the public in taking it was the board of supervisors, and that the board, standing in that situation, instead of taking it in the name of the true and lawful principal, the people of the State, took it in point of fact in its own name, or rather in the name of its other self. And it seems to me that, without violating any principle or going counter to any sound reason, a suit in the name of the principal, the people of this State, with proper averments of their legal title and in explanation of the case, might be maintained. *United States v. Boice*, 2 McLean 352; *Dugan v. United States* 3 Wheat. 172; *President and Trustees of the Town of Fort Wayne v. Jackson* 7 Blackf. 36.

I perceive no obstacles that are not rather formal and technical than substantial. It would be different with a case originating in another way and not subject to the group of considerations which depend on the nature of the obligation and the statutory provisions with which it is inseparably connected. There was nothing for the judgment or discretion of the obligors. There were no terms to be the subject of discussion. The required security was precisely liquidated by law, and nothing more was necessary than to fill the mould, and this the parties were bound to know. They were acting on the call of the law, and it must be intended that it was their purpose to comply with it and not evade it. The case not being one in which the parties might shape their undertaking to suit themselves, the door is closed against all claims based on the assumption that their position entitled them to exercise option. Whether they succeeded or not, their design in executing this bond was to satisfy the statute.

The main stumbling-block seems to be the seal. But the fact that the instrument is under seal, though once a weighty circumstance, is not a matter of much importance now. The ancient significance of private sealing has almost wholly disappeared, and so far has respect for it declined that the Leg-

islature has first permitted the use of "any device" "by way of seal" (Comp. L. § 5937), and then enacted that "no bond, deed of conveyance, or other contract in writing, signed by any party, his agent or attorney, shall be deemed invalid for want of a seal or scroll affixed thereto by such party." § 6194. When the matter is considered independently of the deference usually felt for technical rules belonging to a state of things where many of our legal doctrines originated, although the circumstances in which they had their birth are entirely altered, the sealing seems a very insufficient reason for excluding the name of the people of the State as formal plaintiffs on the bond.

The theory suggested of regarding the county, for the purpose of the question, as the agent of the people of the State in taking the bond, and then implying a right to sue on it in the name of the people as the principals or substantial obligees, was not presented in *La Grange v. Chapman*, supra, and I see no other theory on which the bond can be sustained.

Under this view there may be a question upon the effect of the judgment. It may be claimed that Houghtaling and Romeyn are concluded. That does not appear to me the necessary legal result. The present action, on the view I take, is determined. But as the case was brought to an end by the refusal to admit any evidence, and the ruling was authorized, not because the bond was invalid and could not be sued on for the benefit of Romeyn and Houghtaling in the name of the people, but because it could not be so sued on in the name of Bay county, the effect is not final, and the judgment cannot be regarded as a bar to a new suit in the name of the people.

In my opinion the judgment should be affirmed, with costs.