CUSTER COUNTY v. ALBIEN et al.

1. The official bond of a county treasurer, complying in all respects with the statute, except that it runs to the county commissioners and their successors in office, instead of to the county, is a valid official bond, upon which, in case of default, the county may maintain an action in its own name.

2. In such action the sureties on the bond are estopped from disputing its recitals as to the due election of the principal as treasurer, and that he entered, or was about to enter, upon the discharge of his official duties thereunder.

3. In such bond the penal sum was $10,000. The sureties severally bound themselves "in the amounts set opposite our [their] respective names," each signing for a less amount than the penal sum. The principal made no answer. The sureties answered, setting up a common defense. The verdict was for the plaintiff on all the issues, and assess plaintiff's damages at ten thousand dollars." Upon this verdict the court entered judgment against the principal for $10,000, and against each of the sureties for the amount set opposite his name. *Held*, under section 4901, Comp. Laws, no error of which the sureties could complain.

(Syllabus by the Court. Opinion filed Oct. 1, 1895.)

Appeal from circuit court, Custer county. Hon. CHARLES M, THOMAS, Judge.

Action upon official bond. Judgment for plaintiff. Defendants Albien and Kleeman appeal. Affirmed.

The facts are stated in the opinion.

*Charles W. Brown* and *A. T. Feay*, for appellants.

The verdict must conform to the issue, and must not go beyond or contradict the pleadings. And if the court, instead of having the verdict corrected by jury, attempt to correct it by the judgment, and go beyond the verdict, it is error. Ross v. Anstill, 2 Cal. 183; Benedict v. Bray, 2 Cal. 281; Seale v. Emerson, 25 Cal. 294; Tevis v. Hicks, 4 Cal. 123; Cummins v. Peters, 56 Cal. 597; Thomas v. Lawler, 53 Cal. 407; Garfield v. County, 17 Cal. 511; Marcoleta v. Packard, 14 Cal. 179; Woodson v. McCune, 17 Cal. 304; Ingle v. Walloch, 1 Black 96; Patterson v. U. S. 2 Wheaton 2221; Garland v. Davis, 4 Howard 131; McFerson v. Taylor, 3 Cranch 280; Campbell v. Jones, 38 Cal. 509. If a verdict contain but one finding, when other questions of fact are necessary to enter up judgment, it is defective. And where the verdict is so uncertain that the real intent cannot be determined by it, a new trial should be granted. 16 Am. and Eng. Enc. of Law 562; People v. Doesbutry, 17 Mich. 135; Alderman v. Manchester, 49 Mich. 48; Sloss v. Allmon, 64 Cal. 47. A surety is a favorite in law, and is not chargeable beyond the strict terms of his engage-

ment.   People v. Chalmers, 60 N. Y. 154; Kingsbury v. Westfall, 61 N. Y. 356; Miller v. Stewart, 9 Wheaton 680; Ludlow v. Simond, 2 Caines 1; Sharp v. Bedell, 5 Gilman 88; Myers v. Parker, 5 O. 501; Lang v. Pike, 27 O. 498.

*W. G. Porter*, for respondent.

A judgment will not be reversed for error which does no harm. Parker v. Jackson, 16 Barb. 33; Churchill v. Trapp, 3 Abb. Pr. 306; Hutchings v. Castle, 48 Cal. 152; People v. Center, 66 Cal. 564; Decker v. Trilling, 24 Wis. 610; VanNess v. Corkins, 12 Wis. 206.   If there should be a mistake in the form of the judgment, and it is wrong, it may be amended or modified in the trial court, or ordered amended or modified upon appeal.   Hood v. Sparth, 16 A. 163; Clevenger v. Hansen, 24 Proc. 61; Doll v. Feller, 16 Cal. 432; Bank v. Dresbach, 63 Cal. 324.   If pleadings on the verdict · show the actual amount of recovery, without any doubt or room for mistake, it would seem that the judgment should not be considered invalid, at least as between the parties, for its failure to specify the sum awarded with precision.   People v. Love, 25 Cal. 521; People v. Breyfogle, 17 Cal. 504; County v. Morris, 32 Cal. 145; People v. Rooney, 29 Cal. 643; People v. Evans, 29 Cal. 436; Thomas v. Anderson, 58 Cal. 100.   Each surety by his language binds himself severally as respects the other sureties in the sum annexed to his name; but he is at the time jointly bound with the principal, who is bound himself jointly and severally with the sureties.   People v. Jenkins, 17 Cal. 503; Reed v. Calderwood, 22 Cal. 465.

KELLAM, J.   This was an action upon the official bond of Edwin H. Flynn, as treasurer of the respondent county.   The bond ran to "J. F. Street, F. A. Towner, and Joseph Humphrieus, as commissioners, and their successors in office," and was in the penal sum of $10,000, "for which payment, well and truly to be made, we jointly and severally bind ourselves in the amount set opposite our respective names," etc.   The condition was: "That whereas, the above-named Edwin H. Flynn was on the 6th day of

November, 1889, duly elected treasurer in and for the county of
Custer, in said county, for the term of two years, and is about to
enter upon the duties of said office: Now, therefore," etc. The
bond was signed as follows: "Edwin H. Flynn. [Seal.] Den-
nis Carrigan, $3,500. [Seal.] Martin T. Schoonmaker, $1,000.
[Seal.] Henry A. Albien, $1,500. [Seal.] Paul Kleeman, $1,500.
[Seal.] G. C. Boland, $1,000. [Seal.] A. P. Smith, $1,000.
[Seal.]" The complaint alleged, among other things, the
making and delivery of the bond, its due approval, and its
breach. The defendants, except Flynn, the principal, who an-
swered separately, and Smith, deceased, answered together, admit-
ing the execution of the bond to the obligees named, and its deliv-
ery to the county clerk of the plaintiff county, but denied that it
was approved by the board of county commissioners, and denied
its breach, and further set up affirmative matter in defense. The
case was tried to a jury, who returned a verdict as follows: "We,
the jury in the above-entitled action, find for the plaintiff on all
the issues, and assess plaintiff's damages at ten thousand ($10,000)
dollars." Upon this verdict the court entered judgment against
Flynn for $10,000, and against each of the sureties for the amount
opposite his name in the bond, and from the judgment so entered
Henry A. Albien and Paul Kleeman bring this appeal.

It is first objected that the complaint does not state facts suf-
ficient to constitute a cause of action. The objection that the
bond is not actionable by the county because the county commis-
sioners and their successors in office are named as obligees, in-
stead of the county, as provided in section 1373, Comp. Laws, is
not good. It is very plain, from the recitals of the bond, that it
was given and received as the security the statute called for from
the treasurer. The commissioners, as the proper agents of the
county, in taking it, took it in their names, as such official agents,
instead of in the name of their principal, the county. The com-
plaint sets out the facts showing that the county was the real ben-
ficiary, and that the bond was given for its protection. This ac-
tion upon it is brought in name of the real party in interest.

It is not fatal to the bond, nor can it relieve the sureties of their liability to the county under it, that the fiscal officers of the county were named as obligees, instead of the county itself.  Town of Plattville v. Hooper (Wis.) 23 N. W. 581; Bay Co. v. Brock, 44 Mich. 45, 6 N. W. 101; Tevis v. Randall, 6 Cal. 632; Mechem, Pub. Off. § 269, and cases cited.  But even if there should be doubt of the validity of this instrument as a statutory bond, we see no reason why it is not good as a general or common-law bond, and the principal and sureties bound by its terms, and upon which an action may be brought by the county, as the real party in interest.  Id. § 271, and many cases cited.

Appellants further insist that the complaint was defective in not specifically alleging that Flynn was elected to the office of county treasurer.  The bond, which the appellants admit they gave, recited and admitted the fact that he had been elected, and was about to enter upon the discharge of his official duties, and that was the reason why they gave the bond.  It was not necessary to allege or prove the fact which they had themselves asserted in the very contract sued upon.  Defendants were estopped from disputing it. Mechem, Pub. Off. § 296; Brandt, Sur. § 29; Herm. Estop. § 631, and cases cited; People v. Huson (Cal.) 20 Pac. 369.

It is further objected that the verdict is fatally defective because—First, it is not responsive to the issue; second, it does not find the entire issue; third, it varies from the issue; and, fourth, it does not conform to the complaint.  We cannot understand how, in a law action, for the recovery of a sum of money, against one or several defendants, a general verdict for the plaintiff, assessing his damages at a certain amount, can be obnoxious to either of the above objections.  The issues were the matters in controversy, and a verdict which finds that plaintiff was right as to all of them would seem to be "responsive to the issue."  A verdict which finds all the issues in favor of the plaintiff would seem to "find the entire issue"; where the issue is whether the plaintiff shows itself entitled to recover, as against a defense set up and attempted to be proved, and, if so, how much, and the verdict finds for the

plaintiff, and assesses his damages at a definite sum, the verdict does not seem to vary from the issue; and where the complaint claims from the defendants a certain sum, on facts fully stated, and the verdict is for the plaintiff, within that sum, it would seem to conform to the complaint.

These defendants answered together, setting up the same facts as the defense of all, against the plaintiff's claim. The jury found against all these defendants upon all the issues which they tendered. The verdict settled all the facts in controversy in favor of the plaintiff, and there was nothing left but a question of law, towit, what judgment should be entered upon the facts thus settled. The complaint and the answer agreed as to the terms of the bond, and the measure of the liability of each defendant, if the bond should be found good, and no defense proved, and this was precisely the condition in which the verdict left the case. Under these conditions, we think the trial court committed no error of which these appellants can complain, in rendering the judgment which it did, under subdivision 3, § 4901, Comp. Laws. It rendered judgment against each defendant for the amount for which he was liable, the same as though the action had been against him separately. Under a similar statute it was held in People v. Love, 25 Cal. 520, that "a judgment rendered in an action against the sureties on an official bond, who sign for different amounts, respectively, may be entered up against each surety for the amount for which he is liable on the bond." The effect of this statutory provision is fully discussed in Pom. Rem. & Rem. Rights, § 406, and the learned author there says: "If a contract should be made by a number of promisors, by which each bound himself in an amount different from that of all the others, the liability would plainly be several and the agreement itself would be embraced within the terms of the section." Possibly the statute contemplated that a separate and independent judgment should be entered against each defendant, but this is matter of form, more than of substance, and could not prejudice any substantial right of the defendants, and would therefore, even if irregular, be no ground for reversal. It will be understood, of

course, that we are not touching the question whether, under our statutes, the sureties on an official bond can limit their liability thereon to the specific amount for which they sign. No such question is raised. The county does not complain of this judgment, and the appellants could not complain that the judgment against them is not as large as it should have been. We do not find any error in the record, and the judgment is affirmed.