<div align="margin">Partnership. Test. Name.</div>

---

## WEEKS vs UNITED STATES.

Opinion delivered January 12, 1899.

*1.  U. S. Courts in Indian Territory—Jurisdiction.*

> Under § 29 of the Act of May 2, 1890, giving the United States Court in the Indian Territory jurisdiction in all civil cases except cases over which the tribal courts have exclusive jurisdiction, the United States Court in the Indian Territory has jurisdiction of a suit on a postmaster's bond.

*2.  Postmaster's Bond—Money Order Business Included In.*

> A postmaster's bond was conditioned that if W. "shall faith-

fully discharge all the duties and trusts imposed on him, either by law or the rules and regulations of the post office department" etc. It failed to contain a condition "for the faithful performance of all duties and obligation in connection with the money-order business," as provided in § 3834 U. S. Rev. St. *Held*, That this last clause is merely cumulative, and recovery could be had on the bond on account of a defalcation in the money-order business.

Appeal from the United States Court for the Central District.

WM. H. H. CLAYTON, Judge.

Suit by United States against Wm. Weeks and bondsmen on postmaster's bond. Plaintiff demurred to defendant's answer. Demurrer sustained. Defendant appeals. Affirmed.

This was a suit brought in behalf of the United States against William F. Weeks and bondsmen on a postmaster's bond executed by Weeks as postmaster at Hartshorne, Ind. T., and signed by John M. Grady as one of his sureties. The suit was based upon the fact that Weeks had embezzled and failed to turn over to the United States certain money-order funds collected and held by him as postmaster. It was admitted on the trial that Weeks had embezzled this money, and that it was money-order money. But two contentions were raised on behalf of appellants in the court below: First, that the court below had no jurisdiction to hear and determine said case, said court being neither a United States district nor circuit court, within the meaning of the Revised Statutes of the United States ; second, the bond sued upon contains no provision, as required by section 3834 of the Revised Statutes of the United States, for the faithful performance of all duties and obligations in connection with the

money-order business. These two contentions on the part of the appellants were set up in their answer. The plaintiff, the United States, demurred to this answer, and the court sustained the same. The appellants failing and refusing to amend, the jury was ordered to return a verdict for the United States, upon which verdict the court entered judgment against appellants for the sum of $3,902.50, from which judgment the appeal is taken to this court.

*Stuart, Lewis & Gordon*, for appellants.

*J. H. Wilkins*, for United States.

SPRINGER, C. J.    The errors assigned in this case are all embraced in the contention that the court erred in sustaining the demurrer to appellants' answer to the complaint. The answer set forth, first, that the trial court had no jurisdiction to hear and determine the case, not being a United States district or circuit court. This contention is not tenable. The United States court in the Indian Territory has, under section 29 of the act of congress of May 2, 1890, jurisdiction in all civil cases in the Indian Territory, except cases over which the tribal courts have exclusive jurisdiction.

The second contention of appellants raises a very important question for our consideration. Section 3834 of the Revised Statutes of the United States is as follows :

"Sec. 3834. Every postmaster, before entering upon the duties of his office, shall give bond, with good and approved security, and in such penalty as the postmaster general shall deem sufficient, conditioned for the faithful discharge of all duties and trusts imposed on him either by law or the rules and regulations of the department; and where an office is designated as a money-order office, the

bond of the postmaster shall contain an additional condition for the faithful performance of all duties and, obligations in connection with the money-order business. On the death, resignation, or removal of the postmaster, his bond shall be delivered to the sixth auditor. The bond of any married woman who may be appointed postmaster shall be binding upon her and her sureties, and she shall be liable for misconduct in office as if she were sole.''

The bond sued upon in this case was that of the postmaster at Hartshorne, Indian Territory, which was a money-order office. It contained the words: ''That if the said William F. Weeks shall faithfully discharge all the duties and trusts imposed on him, either by law or the rules and regulations of the post-office department of the United States, then the above obligation shall be void; otherwise of force.'' But it failed to contain a condition ''for the faithful performance of all duties and obligations in connection with the money-order business,'' as provided in section 3834, supra.

Counsel for appellants contend that the omission of the words last quoted from the official bond renders the obligation of no effect, in so far as the funds arising from the money-order business are concerned; that the fair rule of construction is, and ought to be, that congress intended that the money-order clause should be placed in the bond, if money-order obligations were intended to be enforced. The statute is a remedial one, and we must construe it liberally and beneficially, so as to suppress the mischief of defalcations and to advance the remedy; or, in the language of Lord Coke, so as to add force and life to the cure and remedy, according to the true intent of the makers of the act, pro bono publico. Heydon's Case, 3 Coke, 7; Sedg. St. Const. Law, 359, 360. Judge Cooley said, in referring to the official bond of a sheriff: ''When a party gives a bond that he may have some privilege or right, as an office, appeal, supersedeas, or

the like, and he has the benefit as upon having given the bond required by law, he cannot afterwards avoid responsibility upon it because he has departed in some particular from the statutory form, or omitted some formality in execution, approval, or filing." Bay Co. vs Brock, 44 Mich. 45, 6 N. W. 101; U. S. vs Tingey, 5 Pet. 115; Armstrong vs U. S., 1 Pet. C. C. 46, Fed. Cas. No. 549; Hester vs Keith, 1 Ala. 316; Bartlett vs Board, 59 Ill. 364; Suth. St. Const. § 453. The case of Farrar vs U. S.; 5 Pet. 386, was a suit instituted by the United States against Farrar to recover a debt of $30,000 for the default of one Rector, whose surety Farrar was; Rector being the surveyor of public lands in the states of Illinois and Missouri and the territory of Arkansas. The act under which the suit was brought and the bond was executed required that the condition of the bond should be for the faithful disbursement of public money and also for the faithful discharge of duties. The first provision, that requiring the faithful disbursement of public money, was omitted from the condition of the bond. The court said: "But the words of the statute which relate to disbursement are omitted from the condition of this bond, and the only words inserted are that 'he shall faithfully discharge the duties of his office.' The court feel no difficulty in maintaining that, where the conditions are cumulative, the omission of one condition cannot invalidate the bond so far as the other operates to bind the party; but the question is one of much more difficulty whether, where the law is express that the condition shall be both for the faithful disbursement of money and general discharge of duty, and the latter only is inserted, the former may still be held to be comprised within the general words of the latter. But for the language used in the statute, the court has no doubt that the case would have been open to proof that the disbursement of money was one of the known and habitual duties of the office and included in the general words; but whether the omission of the

express words which impose this liability does not preclude a resort to their restoration, incidentally by proof, is a question on which the court have felt much difficulty, and which they will not now decide."

The learned counsel for the appellants contend that as the default of Weeks, the postmaster, was in regard to the money-order business, and as the money-order clause was not inserted in the bond, the sureties on the bond are not liable, and cannot be held liable, in this case. This contention is not tenable. The condition of the bond sued on was "that if said William F. Weeks shall faithfully discharge all the duties and trusts imposed upon him, either by law or the rules and regulations of the post-office department of the United States, then the above obligation shall be void; otherwise of force." This language is broad enough to cover the money-order business, which was a duty imposed on the postmaster by law. The special clause, mentioned in the statute, in reference to the money-order funds, is merely cumulative, and its omission cannot invalidate the bond sued on in this case. In the case of Mayor, etc., of city of New York vs Goldman, 125 N. Y. 398, 26 N. E. 456, the statute authorized the appointment of an attorney for the collection of arrears of personal taxes, and required the appointee to give a bond to the city "conditioned for the faithful performance of the duties of his office and the payment over of all taxes collected by him." There was a default, and a suit on the bond, which omitted the specific "payment over of all taxes collected by him," which omission constituted the defense, and the court said: "The condition contained in the bond is: 'If the said Edward D. Gale shall well and faithfully execute the duties of said office, without fraud, deceit, or oppression, the above obligation shall be void,' etc. It is therefore on the omission from the bond of an express condition to pay over moneys collected that the objection rests. There might be force in the criticism were it not for the fact that

the statute explicitly makes it one of the duties of the office to pay over the taxes collected, and so that specific duty is included in the general duty, and the double condition is merely cumulative,"—citing Farrar vs U. S., supra.

Mr. Brandt, in his work on suretyship and Guaranty (Ed. 1878, § 473), discussing "When General Bond of Officer Covers Special Fund Collected or Received by Him," says: "A guardian got a special order of the court for the leasing of the ward's land, and was ordered to give a bond for the rents, but failed to do so. Held, the sureties on the guardian's general bond were liable for the rents collected by him in pursuance of the order. The court said it was part of the duty of the guardian at common law to collect rent belonging to the ward. The extra bond required was cumulative, and would not release the sureties on the general bond, who by the terms of their bond were liable. Wann vs People, 57 Ill. 202." In the absence of any statute on the subject, the bond sued on in the case at bar would be a valid obligation at common law. Tyler vs Hand, 7 How. 581; U. S. vs Tingey, supra; U. S. vs Hodson, 10 Wall, 406—408.

The court below did not err in sustaining appellee's demurrer to the answer of appellants in this case. Appellants having failed or refused to amend their answer, the court properly instructed the jury to return a verdict for the appellee. The judgment of the court below is affirmed.

TOWNSEND, J., concurs.