PEOPLE, *for use of* HIGLEY, *v.* LAIDLAW.

STATUTORY BONDS—WRONG OBLIGEE—ACTION—BY WHOM BROUGHT.
Where one having a contract from a city to do paving gives a bond, as required by 2 How. Stat. § 8411*b*, to protect parties furnishing labor and material for the improvement, which, however, instead of running to the people, as provided by said section, runs to the city, action thereon must be in the name of the city; section 8411*c*, providing that an action may be brought by those entitled in the name of the people, applying only to an action on such bond as is mentioned in the preceding section.

Error to Wayne; Frazer, J.   Submitted April 19, 1899. Decided June 5, 1899.

*Assumpsit* by the people of the State of Michigan, for the use and benefit of Joseph J. Higley and others, against Thomas J. Laidlaw and others, upon a statutory bond. From a judgment for plaintiffs, defendants bring error. Reversed.[1]

*William Stacey*, for appellants.

*Warner, Codd & Warner*, for appellees.

MONTGOMERY, J.   This suit was brought for the use of Higley and others on a bond given to the city of Battle Creek, Mich., by the defendants herein.   Laidlaw Bros. had a contract from the city of Battle Creek to do certain paving, and the bond sued on was given by them to the said city of Battle Creek ostensibly under section 8411*b*, 2 How. Stat., which requires a bond in such cases to protect parties furnishing labor and material for public works, but, instead of running to the people of the State of Michigan, it runs to the city of Battle Creek.   The other defendants are the sureties on the said bond.   On the trial of the case, the defendants objected to the introduction of the bond in evidence, on the ground that it was given to the city of Battle Creek, and was therefore not admissible in evidence in a suit brought in the name of the people of the State of Michigan.

We held in *Board of Education of Detroit* v. *Grant*, 107 Mich. 151, that a bond with the conditions named in 2 How. Stat. § 8411*b*, was valid, although the obligee named was in that case the board of education, and not the people of the State of Michigan.   In that case, however, the action was brought in the name of the obligee.

---

[1] Plaintiffs applied for a rehearing, asking leave to amend all pleadings and proceedings by substituting as plaintiff the city of Battle Creek, for use, etc., and that, upon such amendment and substitution, the judgment appealed from be affirmed.   The application was denied July 11, 1899.

This practice accords with the requirements of the common law. 3 Enc. Pl. & Prac. 639; *Town of La Grange v. Chapman,* 11 Mich. 499; *County of Bay v. Brock,* 44 Mich. 45; *Stephenson v. Manufacturing Co.,* 28 C. C. A. 292, 84 Fed. 114. It is suggested that this case is taken out of the rule declared in *Town of La Grange v. Chapman,* for the reason that the statute (section 8411c) provides that an action may be brought by those entitled, in the name of the people of this State. The action is authorized on such bond as is mentioned in the preceding section. This is not such a bond, and, although enforceable under the rule in *Board of Education of Detroit v. Grant,* we think it must be enforced by an action in the name of the obligee.

Judgment reversed, and a new trial ordered.

The other Justices concurred.