## EMBRY *et al.* v. MIDLAND LAND CO.

No. 4990.   Opinion Filed August 10, 1915.

(151 Pac. 218.)

1.   **JUSTICES OF THE PEACE—Attachment—Dissolution Bond—Sufficiency.** A dissolving bond given in attachment proceeding before a justice of the peace, which substantially complies with section 6311, Snyder's Comp. Laws 1909, but which fails to name an obligee in the obligatory part, is not void, and a demurrer directed at such defect to a petition in usual form, with the bond attached, is properly overruled.

2.   **APPEAL AND ERROR—Review—Harmless Error.** The court, in every stage of action, must disregard any error or defect in the pleadings which does not affect the substantial rights of the adverse party, and no judgment shall be reversed or affected by reason of such error or defect.

(Syllabus by Watts, C.)

*Error from District Court, McClain County;*
*R. McMillan, Judge.*

Action by the Midland Land Company against A. Embry and others. Judgment for plaintiff, and defendants bring error. Affirmed.

*Hutchin & Burke,* for plaintiffs in error.

*C. G. Moore* and *J. W. Hocker,* for defendant in error.

Opinion by WATTS, C. Defendant in error sued the plaintiffs in error in the district court of McClain county to recover upon a dissolving bond, by reason of the default therein, which bond was filed before a justice of the peace for the city of Purcell. The petition is usual in form, to which is attached and made a part thereof the bond mentioned (in which bond there is no obligee named) and a copy of the judgment of the justice of the peace. Plaintiffs in error demurred, showing:

(1) "That the dissolving bond, subject of the action and upon which the suit is based, is null and void and of no force and effect, either as a statutory or common-law bond and unenforceable against the defendants and each of them, for the reason that said bond does not disclose any obligee to whom a cause of action may accrue thereon as required by law."

(2) "The said petition does not state facts sufficient to constitute a cause of action in favor of the plaintiff and against the defendants."

The demurrer was overruled, and because of failure to plead further judgment was rendered for defendant in error, to which exceptions were saved. Motion for new trial was filed, showing:

(1) "That the action of plaintiff was upon a dissolving bond and attachment, and that said bond as set out in their petition did not disclose or show and failed to name an obligee."

(2) "For error of law occurring at the hearing of the demurrer of defendants, by the court overruling same."

The motion for new trial was overruled, exception saved, and plaintiffs in error appeal, assigning as error:

(1) In overruling the demurrer of the plaintiffs in error to the petition of the defendant in error.

(2) In overruling and denying a motion of the said plaintiffs in error to vacate said judgment and decision and grant a new trial in said cause.

(3) That said judgment was given and rendered in favor of the said defendant in error, when it should have been given and rendered in favor of the plaintiffs in error.

The question for decision is whether the bond is void by reason of its failure in the obligatory part to name an obligee. Snyder's Comp. Laws of 1909 provide:

"Sec. 6311. Bond Discharging Attachment.—If the defendant, or other person in his behalf, at any time before judgment, cause an undertaking to be executed, to the plaintiff, by one or more sureties, resident in the county, to be approved by the justice, in double the amount of the plaintiff's claim, to be stated in his affidavit, to the effect that the defendant shall perform the judgment of the justice, the attachment in such action shall be discharged, and restitution made of any property taken under it, or the proceeds thereof. * * * "

In *Kirtley v. Tuthill*, 9 Kan. App. 452, 60 Pac. 662, it was said:

"The objection to the bond is that it does· not in express terms designate the obligee. Our Justice's Code was originally taken almost word for word from Ohio, and no change or amendment has been made therein that in any way affects the question at issue. The same form of an appeal bond as the one in controversy has been sustained by the Supreme Court of Ohio, and has been in quite general use both in that state and in Kansas. In *Job v. Harlan*, 13 Ohio St. 490, the Supreme Court of that state disposed of this identical question in the following language: 'There is nothing in the objection that the undertaking is not, in express words, made to the "adverse party." It is entitled in the action, and taken and approved by the justice trying it. The docket shows that Weakly was surety for the appeal of this cause, and that the "appellant" specified in the undertaking is the plaintiff, Harlan, and the appellee, or "adverse party," is, of necessity, the defendant, Job. In this view, the undertaking is a substantial compliance with the statute. Besides, section 112 is, in this respect, identical with section 41 of the former statute (Swan's St. of 1841, 512), and yet in the form given on page 527, for a recognizance under that section, the "adverse party" is not named, nor expressly alluded to, and the form there given is identical with the one used in the present case. The Legislature, therefore, in using the same words, in the same connection, must be supposed to have sanctioned the legislative

construction which had been put upon them.' In *Wile et al. v. Koch*, 54 Ohio St. 608, 44 N. E. 236, the Supreme Court of Ohio had an appeal bond of the same form before them, except that the bond was blank as to the name of the appellant and as to the amount of the limit of the liability of the surety, and yet the bond was sustained. If the question were a doubtful one, the fact that this identical form of an appeal bond has been in quite general use in the state and territory for 40 years, and has not been held illegal by our Supreme Court, should be given some weight in determining it. As was said in *Harrison v. Benefit Society*, 61 Kan. 134, 59 Pac. 267, 'the rule is well settled that in all cases of ambiguity the contemporaneous construction not only of the courts, but of the departments, and even of the officials whose duty it is to carry the law into effect, is controlling.' "

In *State v. Wood*, 51 Ark. 205, 10 S. W. 624, Cockrill, C. J., said:

"It is argued with great earnestness that the treasurer's bond which is the foundation of the suit is void, upon the ground that it names no obligee. The fallacy lies in the assumption that the obligation has not been assumed to any one. A bond is construed like any other contract or instrument of writing. It is enough that the intent plainly appears, though it be not fully and particularly expressed. *Partridge v. Jones*, 38 Ohio St. 375. 'If there ever was a time,' says the court in the case cited, quoting from another case, 'when the court listened to trivial verbal inaccuracies in contracts, when the real meaning and intention of the parties was plain, that time has gone by, and the only object of the court's is that, when the meaning and intention of the parties are perfectly plain, no grammatical inaccuracy or want of the most appropriate words shall render the instrument unavailing.' It was never regarded as necessary that the obligee in a bond should be specified *eo nomine*. It was enough if he was so designated that he might be certainly ascertained. *Preston v. Hull*, 12 Am. Law. Reg. 699, and

note; *Fellows v. Gilman,* 4 Wend. [N. Y.] 419.   *   *   *
The condition which shows the design of the bond is the
important requirement in such an undertaking, and when
that is properly framed, as it is conceded it was in this
instance, 'the naming of an obligee is,' as Judge Cooley
expressed it in delivering the judgment for the Supreme
Court of Michigan, 'the merest formality possible, so that
if the instrument omitted to name one,   *   *   *   the
substance of the undertaking would remain.' *Bay County
v. Brock,* 44 Mich. 45 [6 N. W. 101]. The substance
remaining, how can the bond be void for informality?"

In *Leach v. Flemming,* 85 N. C. 447, the syllabus is
as follows:

"An obligor in a bond pledged himself to be responsi-
ble for the payment of a note, setting out in said bond
the names of the payer and payee, the amount and date
of the note. and for what it was given, when due and
payable, and the rate of interest. Held (upon demurrer
that no obligee is named), the payee is pointed out with
sufficient certainty as the obligee with whom the contract
is made."

In *Allen v. Coy,* 7 U. C. Q. B. 419, it was said:

"There are many cases in the books where bonds or
other instruments have omitted to say expressly to whom
the money secured by them is to be paid; but, when it is
plain from the context, the court supplies the words in
the particular place where they ought to have been by
intendment from the rest of the instrument. Several
cases of this description are collected in the reporter's
notes to *Coles v. Hulme,* 8 B. & C. 574."

Some of the cases cited by counsel for plaintiffs in
error appear to support their contention, but we cannot
assent to so narrow a rule and thereby permit this char-
acter of injustice. The fact that no obligee was named,
as it appears to us, was only an informality. The bond
was properly entitled, and is in almost the exact lan-

guage of the statute, except in the failure to name the obligee; a copy of the judgment of the justice of the peace was attached to defendant in error's petition— from all of which it seems to us that the court did not err in overruling the demurrer, and no good results would come by permitting the plaintiffs in error to take advantage of such an informality.

In *United States Fidelity & Guaranty Co. v. Hansen et al., Van Winkle v. Same,* and *American Surety Co. of N. Y. v. Same,* 36 Okla. 459, 129 Pac. 60, Ann. Cas. 1915A, 402, Rosser, C., said:

"The defendant, the United States Fidelity & Guaranty Company, in its brief contends that it is not liable on its bond, for the reason that no obligee is named in the bond. The name of the obligee is left blank, but the condition of the bond recites that R. S. Steele has been appointed guardian of Rosa Little Crow, and shows that the bond is to secure the faithful performance of his duties as guardian. The failure to formally designate the obligee did not vitiate the bond. The recitals in the conditions made it clear for whose benefit the bond was given. The law provided that the bond must be given to the minor, and, when the bond clearly showed that it was given to secure the faithful performance by R. S. Steele of his duties as guardian of Rosa Little Crow, the surety could not escape liability because the minor's name was not written in the first blank left for that purpose. As said by the Supreme Court of New Hampshire in *Judge v. Ordway,* 23 N. H. 198: 'We notice the kind of bond the law authorizes the judge to receive, and requires him to exact. Thus we know what the parties must have intended, much better than by any rules of construction; and we are bound to give the language used such construction as will give effect to the intention of the law, and of the court, and of the parties concerned, if it can be done consistently with the language used, however unskillfully the instrument may be drawn; and

though some of the expressions used might even be understood to import a different meaning, if they were to be construed merely by the ordinary rules of interpretation, and without that same light which the statute affords us as to the intention of the parties and of the probate court.' * * * In *County of Bay v. Brock,* 44 Mich. 45, 6 N. W. 101, it is held that the insertion of the wrong name as obligee did not vitiate the bond. In the course of the opinion the court said: 'The purpose of the bond is sufficiently indicated by the condition. It is to protect and give indemnity to all persons in whose favor a duty may arise, to be performed by the sheriff, and who may be damnified by neglect or failure in performance.' In the case of *Ryndak v. Seawell,* 23 Okla. 759, 102 Pac. 125, the court quoted with approval the following from the case of *Rose v. Winn,* 51 Tex. 545: 'In regard to ordinary bonds, when the intention is manifest from the instrument itself, the court will transpose or reject insensible words and supply accidental words in order to give effect to that intention.' See, also, *Bennehan v. Webb,* 28 N. C. 57; *State v. Martin,* 69 N. C. 175; *Leach v. Flemming,* 85 N. C. 447; *Giles v. Halsted,* 24 N. J. Law, 366, 61 Am. Dec. 668; *Kincannon v. Carroll,* 9 Yerg. (Tenn.) 11, 30 Am. Dec. 391; *Huffman v. Koppelkom,* 8 Neb. 344, 1 N. W. 243."

Counsel for plaintiffs in error have cited *Washburn v. Delaney,* 30 Okla. 789, 120 Pac. 620, opinion by Robertson, C., wherein, among a great many others, the same defect appears as in the case at bar; but by a careful study of the opinion it seems he did not pointedly hold against the validity of the bond because of the failure to name an obligee.

Snyder's Comp. Laws 1909, section 5680, provides:

"The court, in every stage of action, must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse

party; and no judgment shall be reversed or affected by reason of such error or defect."

*Woodward v. Bingham,* 25 Okla. 400, 106 Pac. 843.

We believe substantial justice has been done, and therefore recommend that the judgment of the trial court be affirmed.

By the Court: It is so ordered.